**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **JAPAN DISPLAY INC. and PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD.,** | |
| **Plaintiffs,** | **CIVIL ACTION NO.** |
| **v.** | |
| **TIANMA MICROELECTRONICS CO. LTD.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Japan Display Inc. ("JDI") and Panasonic Liquid Crystal Display Co., Ltd. ("PLD") (together "Plaintiffs") file this complaint for patent infringement   ("Complaint") against Tianma Microelectronics Co. Ltd. ("Tianma" or "Defendant"), and alleges as follows:

## THE PARTIES

1.      Japan Display Inc. is a corporation organized and existing under the laws of Japan. Its principal place of business is located at Landic 2nd Bldg., 3-7-1, Nishishinbashi, Minato-ku, Tokyo, 105-0003, Japan.

2.      JDI engages in research, development, manufacturing, and sales for displays, including liquid crystal displays ("LCDs") with thin film transistor ("TFT") technology ("TFT LCDs").  JDI was formed through the integration of the display businesses of Sony Corporation, Toshiba Corporation, and Hitachi, Ltd.  Among other contributions, JDI pioneered TFTs that utilize a low temperature polycrystalline silicon ("LTPS") process, which allows TFT LCD panels to achieve a higher resolution while minimizing power consumption.  LTPS is now widely used in TFT

LCD panels that are incorporated into consumer and industrial electronic devices, including smartphones, tablets, cameras, game consoles, automotive electronics, and medical equipment.

3.    Panasonic Liquid Crystal Display Co., Ltd. is a corporation organized and existing under the laws of Japan.  Its principal place of business is located at 1-6 Megahida-cho, Shikama-ku, Himeji City, Hyogo 672-8033, Japan.

4.    PLD is a pioneer and leader in liquid crystal display ("LCD") technology, including LCD panels that use IPS (In-Plane-Switching) technology, which features high image quality with a wide viewing angle.  PLD changed its name from IPS Alpha Technology Co., Ltd. and was established on October 1, 2010 as a liquid crystal panel manufacturing company of Panasonic Corporation.

5.    Tianma is a foreign corporation organized and existing under the laws of China.  Its principal place of business is located at No. 88, Daxin Road, Tianma Building, Nanshan District, Shenzhen, China.

6.    Tianma "focus[es] on medium-/small-sized displays [and is] dedicated to offering [its] clients the world over cutting-edge technologies and products and quality services.  At present, the company chiefly serves customers in Mainland China, Taiwan, Europe, America, Japan and South Korea."  *See* 2017 *Corporate Social Responsibility Report*, TIANMA MICROELECTRONICS, http://en.tianma.com/UpLoadFile/20180504/b4618db4-5b0f-43f6-9a7a-c6273b07a90a.pdf.


## JURISDICTION AND VENUE

7.    This is an action for infringement arising under the patent laws of the United States, 35 U.S.C. § 271.  Accordingly, this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.    Upon information and belief, Tianma is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and District, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported and services provided to Texas residents vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers.   For example, Tianma has "established manufacturing facilities in Shenzhen, Shanghai, Chengdu, Wuhan, and Xiamen, China as well as in Akita, Japan" and "a global sales and technical support network has been put in place that includes offices in the United States, Germany, Japan, South Korea, Taiwan, Hong Kong etc. to ensure seamless global support to our customers."  *See* http://en.tianma.com/about.shtml.  This Court has personal jurisdiction over Tianma, directly or through intermediaries, distributors, importers, customers, subsidiaries, and/or consumers including its U.S. based, wholly-owned subsidiary, Tianma America Inc. ("Tianma America").   Through direction and control of this subsidiary, Tianma has committed acts of direct and/or indirect patent infringement within Texas, and elsewhere within the United States, giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Tianma would not offend traditional notions of fair play and substantial justice.

9.    Tianma maintains a corporate presence in the United States (Tianma America) through which it distributes infringing TFT LCD panels.  Tianma America is "a leading provider of small to medium size display solutions to the Americas, utilizing cutting edge technologies from Tianma Microelectronics and Tianma Japan, Ltd. (TMJ), coupled with state-of-the-art manufacturing resources of the Tianma Group, [Tianma America] offers a comprehensive range of

LCD products ... [including] a-Si and LTPS TFT-LCD." *About Us*, Tɪᴀɴᴍᴀ Aᴍᴇʀɪᴄᴀ, https://usa.tianma.com/company-services/company-history-roadmap.    "Tianma America has responsibility for all sales, marketing and engineering support of the Tianma Group display solutions in the Americas." *Id.*  Tianma America identifies approximately 173 unique display panel model numbers for sale on its website. *See Product Search*, Tɪᴀɴᴍᴀ Aᴍᴇʀɪᴄᴀ, https://usa.tianma.com/products-technology/product-filter.

10.    Tianma America has a "representative" in Texas that provides support to potential customers in Texas regarding Tianma's products:  Tristar Group.[1]  Tianma America also has four "authorized distribution partners" in the United States, including, Arrow Intelligent Systems in Centennial, Colorado, Avnet Embedded and Integrated Solutions in Phoenix, Arizona, Edge Electronics, Inc. in Bohemia, NY 11716, and WPG Americas Inc. in San Jose, CA.[2]  Upon information and belief, Tianma controls or otherwise directs and authorizes all activities of Tianma America, including Tianma America's using, offering for sale, selling, and/or importing accused products, its components, and/or products containing the same that incorporate the fundamental technologies covered by the asserted patents.  Tianma America is authorized to import, sell, or offer for sale the accused products on behalf of its controlling parents.  Upon information and belief, Tianma researches, designs, develops, and manufactures the infringing TFT LCD panels and then directs Tianma America to import, offer for sale, and sell the accused products in the United States. Accordingly, Tianma America conducts infringing activities on behalf of Tianma.

---

[1] Tristar Group is located at 5220 Spring Valley Road, #190, Dallas Texas.  *See Contact Us*, Tianma America, https://usa.tianma.com/contact (last visited July 15, 2020) (on Tianma America Contact Us site, select the United States and then mouse over Texas).
[2] Arrow Intelligent Systems is located at 9201 E. Dry Creek Road, Centennial, CO 80112; Avnet Embedded and Integrated Solutions is located at 2211 South 47th Street, Phoenix, AZ 85034;  Edge Electronics, Inc. is located at 75 Orville Drive, Unit 2, Bohemia, NY 11716; and WPG Americas Inc. is located at 5285 Hellyer Avenue, Suite 150, San Jose, CA 95138.  *See Authorized Distributors*, Tɪᴀɴᴍᴀ Aᴍᴇʀɪᴄᴀ, http://usa.tianma.com/company-services/services-we-provide (last visited July 15, 2020)

11.    Upon information and belief, Tianma America's corporate presence in the United States gives Tianma substantially the same business advantages that it would have enjoyed if it conducted its business through its own offices or paid agents in the state.  This corporate presence is comprised of three offices including Tianma America's headquarters in Chino, California, an office in Santa Clara, California, and an office in Troy, Michigan.  *See Contact Us*, TIANMA AMERICA, https://usa.tianma.com/contact (last visited July 15, 2020).  Upon information and belief, Tianma America's Troy, Michigan office is focused on automobile manufacturers.  *See id.* (stating that the Troy Michigan office is "Automotive").  Upon information and belief, Tianma America is authorized to sell and offer for sale TFT LCD panels on behalf of Tianma.  For example, Tianma America operates within Tianma's "global sales and technical support network [that] has been put in place that includes offices in the United States, Germany, Japan, South Korea, Taiwan, Hong Kong"… "to ensure seamless global support to our customers."  *See About Us*, TIANMA AMERICA, https://usa.tianma.com/company-services/company-history-roadmap.  Upon information and belief, Tianma's TFT LCD panels are imported, offered for sale, and sold in the U.S., including in Texas and this District.  For example, Tianma's TFT LCD panel model numbers TL062FVMC70, TM062JDSC03, and TL079QDXP02 are utilized in at least the Motorola Moto G7 smartphone, the Motorola Moto G7 Power smartphone, and the Asus ZenPad S 8.0 tablet,  respectively.

12.    Via its alter egos, representatives, authorized distributors, agents, intermediaries, importers, customers, subsidiaries, and/or consumers maintaining a business presence, operating in, and/or residing in the U.S., Tianma has widely distributed and sold its infringing TFT LCD panels in retail stores, both brick and mortar and online, in Texas including within this District.

13.    Upon information and belief, Tianma has placed and continues to place infringing TFT LCD panels into the stream of commerce via established distribution channels comprising at

least representatives such as Tristar Group, distributors such as Arrow Intelligent Systems, Avnet

Embedded and Integrated Solutions, Edge Electronics, Inc., and  WPG Americas Inc., customers

such as Motorola and ASUS, and/or its wholly-owned, U.S.-based subsidiary Tianma America, for

the sale of the infringing TFT LCD panels, with the knowledge and/or intent that those infringing

TFT LCD panels are imported, used, offered for sale, sold, and continue to be sold in the United

States and Texas, including in this District.

14.    For example, the Motorola Moto G7 smartphone utilizes an infringing TFT LCD

panel.  Upon information and belief, Tianma designed and manufactured a TFT LCD panel with

model number TL062FVMC70 for use in the Motorola Moto G7 smartphone.



Tianma's TFT LCD Panel No. TL062FVMC70 in Motorola Moto G7 Smartphone



Motorola Mobility LLC's Landing Page for the Motorola Moto G7 Smartphone

15.     Upon information and belief, the Motorola Moto G7 Smartphone, designed and sold by Motorola Mobility LLC, was widely sold and distributed in Texas and in this District.  Retailers such as Amazon.com and Best Buy have sold the Motorola Moto G7 Smartphone.  *See Motorola Moto G7*, Motorola, https://www.motorola.com/us/smartphones-moto-g7/p.



Best Buy's Landing Page for the Motorola Moto G7 Smartphone

16.    The Motorola Moto G7 Smartphone can be purchased through Best Buy's website. *See Motorola Moto G7*, BESTBUY.COM, https://www.bestbuy.com/site/motorola-moto-g7-with-64gb-memory-cell-phone-unlocked-clear-white/6324288.p?skuId=6324288&contractId=unactivat%E2%80%A6.

17.    The Asus ZenPad S 8.0 tablet utilizes an infringing TFT LCD panel. Upon information and belief, Tianma designed and manufactured a TFT LCD panel with model number TL079QDXP02 for use in the Asus ZenPad S 8.0 tablet.



Tianma's TFT LCD Panel in Asus ZenPad S 8.0 tablet

18.    Upon information and belief, the Asus ZenPad S 8.0 tablet, manufactured by Asustek

Computer Inc. and sold by Asus Computer International, was widely sold and distributed in Texas

and in this District.    The Asus ZenPad S 8.0 tablet was sold on Best Buy's website    ,

https://www.bestbuy.com/site/asus-zenpad-8-0-8-tablet-16gb-dark-

gray/5386700.p?skuId=5386700            (archived            at            Wayback            Machine,

https://web.archive.org/web/20180618155158/https://www.bestbuy.com/site/asus-zenpad-8-0-8-

tablet-16gb-dark-gray/5386700.p?skuId=5386700, for June 18, 2019).



BestBuy.com Landing Page for the Asus ZenPad S 8.0 tablet

19.     Tianma also maintains commercial websites accessible to the residents of Texas and this District through which Tianma promotes, markets, advertises, and facilitates sales of the infringing TFT LCD panels.  *See* http://en.tianma.com/index.shtml.

20.     In the alternative, the Court has personal jurisdiction over Tianma under Federal Rule of Civil Procedure 4(k)(2), because the claims for patent infringement in this action arise under federal law, Tianma is not subject to the jurisdiction of the courts of general jurisdiction of any state, and exercising jurisdiction over Tianma is consistent with the U.S. Constitution.

US 7330829

21.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, among other things, Tianma is not resident in the United States, and thus may be sued in any judicial district, including this one, pursuant to 28 U.S.C. § 1391(c)(3).

## THE ASSERTED PATENTS AND TECHNOLOGY

22.    The patents-in-suit include Plaintiffs' United States Patent Nos. 8,218,119 ("the '119 Patent"), 10,139,687 ("the '687 Patent"), 9,715,132 ("the '132 Patent"), 9,793,299 ("the '299 Patent"), 10,018,859 ("the '859 Patent"), 8,218,118 ("the '118 Patent"), 10,423,034 ("the '034 Patent"), 10,330,989 ("the '989 Patent"), and 7,936,429 ("the '429 Patent") (collectively, the "Asserted Patents").

23.    On July 10, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 8,218,119 ("the '119 Patent"), titled "Liquid Crystal Display Device" to inventors Kikuo Ono, Makoto Yoneya, Tsunenori Yamamoto, Junichi Hirakata, and Yoshiaki Nakayoshi.  A true and correct copy of the '119 Patent is attached as Exhibit 1 to this Complaint.

24.    The '119 Patent is generally directed to the structure of a liquid crystal display that has enhanced numerical aperture while still maintaining improved viewing angle characteristics. The '119 Patent discloses and specifically claims novel and non-obvious subject matter that represents improvements over conventional liquid crystal displays that were available as of the priority date of the application that became the '119 Patent.

25.    On November 27, 2018, the USPTO duly and legally issued U.S. Patent No. 10,139,687 ("the '687 Patent"), titled "Liquid Crystal Display Device" to inventors Kikuo Ono, Makoto Yoneya, Tsunenori Yamamoto, Junichi Hirakata, and Yoshiaki Nakayoshi.  A true and correct copy of the '687 Patent is attached as Exhibit 2 to this Complaint.

26.     The '687 Patent is generally directed to the structure of a liquid crystal display that has enhanced numerical aperture while still maintaining improved viewing angle characteristics. The '687 Patent discloses and specifically claims novel and non-obvious subject matter that represents improvements over conventional liquid crystal displays that were available as of the priority date of the application that became the '687 Patent.

27.     On July 25, 2017, the USPTO duly and legally issued U.S. Patent No. 9,715,132 ("the '132 Patent"), titled "Liquid Crystal Display Device" to inventors Kazuhiko Yanagawa, Yasushi Iwakabe, Yoshiaki Nakayoshi, and Masatoshi Wakagi.  A true and correct copy of the '132 Patent is attached as Exhibit 3 to this Complaint.

28.     The '132 Patent is generally directed to the structure of a liquid crystal display that prevents light leaks near spacers, which are used to ensure the cell gap.   The '132 Patent discloses and specifically claims novel and non-obvious subject matter that represents improvements over conventional liquid crystal displays that were available as of the priority date of the application that became the '132 Patent.

29.     On October 17, 2017, the USPTO duly and legally issued U.S. Patent No. 9,793,299 ("the '299 Patent"), titled "Display Device and Hand-Held Electronic Device" to inventor Koichi Fukuda.  A true and correct copy of the '299 Patent is attached as Exhibit 4 to this Complaint.

30.     The '299 Patent is generally directed to the structure of a liquid crystal display device that has a protective member configured as a protective cover of the electronic device.  The '299 Patent discloses and specifically claims novel and non-obvious subject matter that represents improvements over conventional liquid crystal displays that were available as of the priority date of the application that became the '299 Patent.

31.    On July 10, 2018, the USPTO duly and legally issued U.S. Patent No. 10,018,859 ("the '859 Patent"), titled "Liquid Crystal Display Device" to inventors Kazuhiko Yanagawa, Yasushi Iwakabe, Yoshiaki Nakayoshi, and Masatoshi Wakagi.  A true and correct copy of the '859 Patent is attached as Exhibit 5 to this Complaint.

32.    The '859 Patent is generally directed to the structure of a liquid crystal display device that prevents light leaks around spacers, which are used to ensure cell gap.  The '859 Patent discloses and specifically claims novel and non-obvious subject matter that represents improvements over conventional liquid crystal displays that were available as of the priority date of the application that became the '859 Patent.

33.    On July 10, 2012, the USPTO duly and legally issued U.S. Patent No. 8,218,118 ("the '118 Patent") titled "Liquid Crystal Display Device" to inventors Kikuo Ono, Makoto Yoneya, Tsunenori Yamamoto, Junichi Hirakata, and Yoshiaki Nakayoshi.  A true and correct copy of the '118 Patent is attached as Exhibit 7 to this Complaint.

34.    The '118 Patent is generally directed to the structure of a liquid crystal display that has enhanced numerical aperture while still maintaining improved viewing angle characteristics. The '118 Patent discloses and specifically claims novel and non-obvious subject matter that represents improvements over conventional liquid crystal displays that were available as of the priority date of the application that became the '118 Patent.

35.    On September 24, 2019, the USPTO duly and legally issued U.S. Patent No. 10,423,034 ("the '034 Patent"), titled "Liquid Crystal Display Device" issued to inventors Takahiro Ochiai, Tohru Sasaki, and Tetsuya Nagata.  A true and correct copy of the '034 Patent is attached as Exhibit 6 to this Complaint.

36.    The '034 Patent is generally directed to the structure of a liquid crystal display device that enables the suppression of oriental disturbance and transmittance reduction due to the formation of a column.  The '034 Patent discloses and specifically claims novel and non-obvious subject matter that represents improvements over conventional liquid crystal displays that were available as of the priority date of the application that became the '034 Patent.

37.    On June 25, 2019, the USPTO duly and legally issued U.S. Patent No. 10,330,989 ("the '989 Patent"), titled "Liquid crystal display device, display device and manufacturing method thereof" to inventors Yoshiaki Nakayoshi and Kazuhiko Yanagawa.  A true and correct copy of the '989 Patent is attached as Exhibit 8 to this Complaint.

38.    The '989 Patent is generally directed to the structure of a liquid crystal display device where an electrode which forms the holding capacity is a linear electrode and the feeding is limited to one direction to increase the feeding resistance so as to enable faster driving of the liquid crystal display device.  The '989 Patent discloses and specifically claims novel and non-obvious subject matter that represents improvements over conventional liquid crystal displays that were available as of the priority date of the application that became the '989 Patent.

39.    On May 3, 2011, the USPTO duly and legally issued U.S. Patent No. 7,936,429 ("the '429 Patent"), titled "Liquid Crystal Display Device" to inventors Kikuo Ono, Makoto Yoneya, Tsunenori Yamamoto, Junichi Hirakata, and Yoshiaki Nakayoshi.  A true and correct copy of the '429 Patent is attached as Exhibit 9 to this Complaint.

40.    The '429 Patent is generally directed to the structure of a liquid crystal display that has enhanced numerical aperture while still maintaining improved viewing angle characteristics. The '429 Patent discloses and specifically claims novel and non-obvious subject matter that

represents improvements over conventional liquid crystal displays that were available as of the priority date of the application that became the '429 Patent.

### TIANMA'S INFRINGING PRODUCTS AND ACTIVITIES

41.     Tianma designs, manufactures, and sells TFT LCD panels.  *See About Tianma*, TIANMA MICROELECTRONICS, http://en.tianma.com/about.shtml.    According to Tianma, its "shipments of small and medium size modules kept the leading position among the global panel factories" and its "market share for high-end medical devices, aviation entertainment, navigation and VOIP products ranked first worldwide." *Id.*  Tianma manufactures infringing TFT LCD panels in Asia and sells them worldwide, including in the United States.  *See id.* (stating that Tianma has "manufacturing facilities in Shenzhen, Shanghai, Chengdu, Wuhan, and Xiamen, China as well as in Akita, Japan.  In addition, a global sales and technical support network has been put in place that includes offices in the United States, Germany, Japan, South Korea, Taiwan, Hong Kong etc. to ensure seamless global support to our customers.").  Tianma makes, uses, sells, offers to sell within the United States or imports to the United States infringing TFT LCD panels through making sales, marketing to, and providing engineering support to U.S. based customers through its wholly-owned subsidiary, Tianma America.  *See About Us*, TIANMA AMERICA, https://usa.tianma.com/company-services/company-history-roadmap (stating that "Tianma America has responsibility for all sales, marketing, and engineering support of the Tianma Group display solutions in the Americas.").

42.     The claims of the Asserted Patents cover Tianma's TFT LCD panels, their components, and processes related to the same (referred to herein as the "Accused Panel(s)" or "infringing TFT LCD panels").  The Accused Panels are incorporated and utilized in various consumer devices, including "smart phones, tablet PCs, smart wear, automotive instrumentation, industrial and medical instrumentation, avionic display, home automation, etc."  *See*

http://en.tianma.com/about.shtml.    For example,    TL062FVMC70, TM062JDSC03,  and TL079QDXP02 are among the infringing TFT LCD panels and are utilized in at least the Motorola Moto G7 smartphone, the Motorola Moto G7 Power smartphone, and the Asus ZenPad S 8.0 tablet, respectively.

     43.    Tianma's customer Motorola Mobility LLC designs, manufactures, and sells the Motorola Moto G7 smartphone and Moto G7 Power smartphone, which incorporates Tianma's infringing TFT LCD panels with model numbers TL062FVMC70 and TM062JDSC03, respectively. Motorola Mobility LLC is headquartered at 222 W. Merchandise Mart Plaza, Suite 1800 Chicago, Illinois    60654.    *See    Contact    Us*,    Motorola    Mobility    LLC, https://www.motorola.com/us/about/contact.  Upon information and belief, Motorola Mobility LLC had on average 8% of the market for all smartphones shipped in the U.S. in 2019.  *See US Smartphone Market Share: By Quarter*, COUNTERPOINT, https://www.counterpointresearch.com/us-market-smartphone-share/ (last visited July 31, 2020).   Upon information and belief, Motorola Mobility LLC distributes its products, including the Motorola Moto G7 smartphone, across the U.S., including in Texas and this judicial District by direct sales as well as through its retail partners.  *See Motorola Moto G7*, MOTOROLA, https://www.motorola.com/us/smartphones-moto-g7/p (last visited July 31, 2020).

     44.    Tianma's customer Asustek Computer Inc. designs, manufacturers,  and sells the Asus ZenPad S 8.0 tablet, which incorporates Tianma's infringing TFT LCD panels with model number TL079QDXP02.  Tianma supplies infringing TFT LCD panels to Asustek Computer, Inc. for its smartphones, notebook PCs and tablet products.  *See News and Information,* TIANMA AMERICA,  https://usa.tianma.com/news-information/news/2016/04/11/tianma-to-be-main-supplier-of-panels-for-new-asustek-notebooks.  Asus Computer International, is a corporation established

under the laws of the State of California, having a principal place of business at 48720 Kato Road, Fremont, CA 94538.  Upon information and belief, Asus Computer International is a wholly owned subsidiary of Asustek Computer, Inc. responsible for the sales and distribution of Asustek Computer, Inc.'s smartphones, notebook PCs, and tablets in the United States.  *See Asustek Computer Inc. and Subsidiaries Consolidated Financial Statements With Independent Auditors' Review Report Thereon September 30, 2019 and 2018*, https://www.asus.com/event/Investor/Content/attachment_en/2019_Q3_Finacial_Report.pdf, at p. 14 (last visited July 31, 2020).  Asus Computer International distributes its devices, including the Asus ZenPad S 8.0 tablet, in the U.S., including in Texas and this District by direct sales as well as through its retail partners.  *See id.* (stating that Asus Computer International's main business activity is "selling of 3C products in North America") (last visited July 31, 2020).

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 8,218,119)

45.    JDI and PLD re-allege and incorporate by reference the allegations in paragraphs 1-44 above.

46.    JDI and PLD are the assignees of the '119 Patent.  Plaintiffs have all substantial rights to enforce the '119 Patent, including the right to exclude others and to sue and recover damages for past and future infringement.

47.    The '119 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

48.    Tianma has infringed and continues to infringe directly and/or indirectly (by inducing infringement), either literally or under the doctrine of equivalents, one or more claims of the '119 Patent in this District and elsewhere.

49.     At a minimum, Tianma has known of the '119 Patent at least as early as the filing date of the complaint.  In addition, Tianma has known of the '119 patent since June 17, 2015, when JDI sent Tianma detailed claim charts demonstrating infringement of several products.

50.     Tianma directly infringes at least claim 1 of the '119 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale in the United States, and/or importing into the United States, without permission, consent, authority or license, TFT LCD panels, including without limitation the TL062FVMC70 incorporated into the Motorola Moto G7 smartphone.  Furthermore, upon information and belief, Tianma sells and makes Accused Panels outside of the United States, delivers the Accused Panels to its customers, distributors, and/or subsidiaries in the United States, or in the case that it delivers the Accused Panels outside of the United States, Tianma does so intending and/or knowing that the Accused Panels are destined for the United States and/or are designing those products for sale in the United States, thereby directly infringing the '119 Patent. Furthermore, Tianma directly infringes the '119 Patent through its direct involvement in the activities of its subsidiaries, including Tianma America, including by selling and offering for sale the Accused Panels directly to Tianma America and importing the Accused Panels into the United States for Tianma America.  Upon information and belief, Tianma America conducts activities that constitutes direct infringement of the '119 Patent under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing those Accused Panels.  Tianma is vicariously liable for this infringing conduct of Tianma America as Tianma has the right and ability to control Tianma America's infringing acts and receives a direct financial benefit from Tianma America's infringement.

51.     Independent claim 1 of the '119 Patent recites:

        1. A liquid crystal display comprising:

        a pair of transparent substrates opposed to each other with liquid
            crystal therebetween;

one of the pair of transparent substrates having a plurality of drain
signal lines and a plurality of gate signal lines, and a plurality
of pixel regions defined by the drain signal lines and the gate
signal lines;

wherein the pixel region has: a TFT element; a first electrode
formed of a transparent electrode having a plurality of slits;

a connection area that connects the first electrode to the TFT
element; and

a second electrode formed of a transparent electrode;

wherein the second electrode is disposed between the first
electrode and the one of the pair of transparent substrates, the
second electrode is connected with the second electrode of an
adjacent pixel region, and the connected second electrode is
arranged at a position overlapping with the gate signal line.

52.    The TFT LCD panel model number TL062FVMC70, designed, manufactured, and
sold by Tianma and incorporated in the Motorola Moto G7 smartphone infringes at least claim 1 of
the '119 Patent.

53.    The TL062FVMC70 has a liquid crystal display comprising: a pair of transparent
substrates opposed to each other with liquid crystal therebetween. One of the pair of transparent
substrates having a plurality of drain signal lines and a plurality of gate signal lines.





Optical Microscope Images of TL062FVMC70

54.    The TL062FVMC70 has a plurality of pixel regions defined by the drain signal lines and the gate signal lines. The pixel region has a TFT element and a first electrode formed of a transparent electrode having a plurality of slits.  The TL062FVMC70 has a connection area that connects the first electrode to the TFT element.



Scanning Electron Microscope Image (left) and Optical Microscope Image (right) of TL062FVMC70

55. The TL062FVMC70 has a second electrode formed of a transparent electrode. The second electrode is disposed between the first electrode and the one of the pair of transparent substrates.



Optical Microscope Image (left) and Scanning Electron Microscope Analysis (right) of TL062FVMC70

56. The second electrode of the TL062FVMC70 is connected with the second electrode of an adjacent pixel region, and the connected second electrode is arranged at a position overlapping with the gate signal line.



Optical Microscope Image (left) and Scanning Electron Microscope Analysis (right) of TL062FVMC70

57.    Upon information and belief, since at least June 17, 2015 when Tianma was put on notice of its infringement, Tianma has actively induced, under U.S.C. § 271(b), distributors, customers, subsidiaries, importers, and/or consumers that import, purchase, or sell the Accused Panels that include or are made using all of the limitations of one or more claims of the '119 Patent to directly infringe one or more claims of the '119 Patent by using, offering for sale, selling, and/or importing the Accused Panels.  Since at least June 17, 2015, Tianma has done so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '119 Patent. Upon information and belief, Tianma intends to cause, and has taken affirmative steps to induce infringement by distributors, customers, subsidiaries, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the Accused Panels, creating established distribution channels for the Accused Panels into and within the United States, manufacturing the

Accused Panels which are combined with other products that must conform with U.S. laws and regulations (e.g.,  Federal Communications Commission and Underwriter Laboratories' standards), distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to those purchasers in the United States through Tianma America, representatives such as Tristar Group, and distributors such as Arrow Intelligent Systems, Avnet Embedded and Integrated Solutions,  Edge Electronics, Inc., and  WPG Americas Inc.

58.    Upon information and belief, despite having knowledge of the '119 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '119 Patent, Tianma has nevertheless continued its infringing conduct.  Tianma's infringing activities relative to the '119 Patent have been, and continue to be willful and deliberate misconduct beyond typical infringement such that Plaintiffs are entitled under 35 U.S.C. § 284 to enhanced damages up to three times the compensatory amount awarded.

59.    JDI and PLD have been damaged as a result of Tianma's infringing conduct.  Tianma is liable to Plaintiffs in an amount that adequately compensates Plaintiffs for Tianma's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 10,139,687)

60.    JDI and PLD re-allege and incorporate by reference the allegations in paragraphs 1-59 above.

61.     JDI and PLD are the assignees of the '687 Patent.  Plaintiffs have all substantial rights to enforce the '687 Patent, including the right to exclude others and to sue and recover damages for past and future infringement.

62.     The '687 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

63.     Tianma has infringed and continues to infringe directly and/or indirectly (by inducing infringement), either literally or under the doctrine of equivalents, one or more claims of the '687 Patent in this District and elsewhere.

64.     At a minimum, Tianma has known of the '687 Patent at least as early as the filing date of the complaint.

65.     Tianma directly infringes at least claim 1 of the '687 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale in the United States, and/or importing into the United States, without permission, consent, authority or license, TFT LCD panels, including without limitation the TL062FVMC70 incorporated into the Motorola Moto G7 smartphone.  Furthermore, upon information and belief, Tianma sells and makes Accused Panels outside of the United States, delivers the Accused Panels to its customers, distributors, and/or subsidiaries in the United States, or in the case that it delivers the Accused Panels outside of the United States, Tianma does so intending and/or knowing that the Accused Panels are destined for the United States and/or are designing those products for sale in the United States, thereby directly infringing the '687 Patent.  Furthermore, Tianma directly infringes the '687 Patent through its direct involvement in the activities of its subsidiaries, including Tianma America, including by selling and offering for sale the Accused Panels directly to Tianma America and importing the Accused Panels into the United States for Tianma America.  Upon information and belief, Tianma America conducts activities that

constitutes direct infringement of the '687 Patent under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing those Accused Panels.  Tianma is vicariously liable for this infringing conduct of Tianma America as Tianma has the right and ability to control Tianma America's infringing acts and receives a direct financial benefit from Tianma America's infringement.

66.    Independent claim 1 of the '687 Patent recites:

> 1. A liquid crystal display comprising:
> a first substrate and a second substrate opposed to each other with liquid crystal layer therebetween, the first substrate having drain signal lines and gate signal lines;
> a TFT element connected to one of the drain signal lines and one of the gate signal lines;
> a pixel electrode formed of a transparent conducting layer having a slit, the pixel electrode being connected to the TFT element;
> a counter electrode formed of a planar transparent conducting layer, the counter electrode being disposed on the first substrate; and
> an insulating layer interposed between the counter electrode and the pixel electrode,
> wherein the counter electrode is interposed between the gate signal lines and the liquid crystal layer, the counter electrode is overlapped with the slit of the pixel electrode, the counter electrode is overlapped with the gate signal lines, and the insulating layer has a contact hole, and the pixel electrode is connected to the TFT element through the contact hole. .

67.    The TFT LCD panel model number TL062FVMC70, designed, manufactured, and sold by Tianma and incorporated in the Motorola Moto G7 smartphone infringes at least claim 1 of the '687 Patent.

68.    The TL062FVMC70 has a liquid crystal display comprising: a first substrate and a second substrate opposed to each other with liquid crystal layer therebetween, the first substrate having drain signal lines and gate signal lines.



Images from Optical Microscope Analysis of TL062FVMC70

69.    The TL062FVMC70 has a TFT element connected to one of the drain signal lines and one of the gate signal lines; a pixel electrode formed of a transparent conducting layer having a slit, the pixel electrode being connected to the TFT element.



Scanning Electron Microscope Image (left) and Optical Microscope Image (right) of
TL062FVMC70

70.    The TL062FVMC70 has a counter electrode formed of a planar transparent

conducting layer, the counter electrode being disposed on the first substrate; and an insulating layer

interposed between the counter electrode and the pixel electrode.



Optical Microscope Image (left) and Scanning Electron Microscope Analysis (right) of TL062FVMC70

71.   The TL062FVMC70 has the counter electrode interposed between the gate signal lines and the liquid crystal layer.



Image from Scanning Electron Microscope Analysis of TL062FVMC70

72.    The TL062FVMC70 has the counter electrode overlapped with the slit of the pixel electrode, the counter electrode is overlapped with the gate signal lines, and the insulating layer has a contact hole, and the pixel electrode is connected to the TFT element through the contact hole.



Optical Microscope Image (left) and Scanning Electron Microscope Analysis (right) of TL062FVMC70

73.    Upon information and belief, since at least the filing of this complaint when Tianma was on notice of its infringement, Tianma has actively induced, under U.S.C. § 271(b), distributors, customers, subsidiaries, importers, and/or consumers that import, purchase, or sell the Accused Panels that include or are made using all of the limitations of one or more claims of the '687 Patent to directly infringe one or more claims of the '687 Patent by using, offering for sale, selling, and/or importing the Accused Panels.  Tianma has done so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '687 Patent.  Upon information and belief, Tianma intends to cause, and has taken affirmative steps to induce infringement by distributors, customers, subsidiaries, and/or consumers by, inter alia, creating advertisements that promote the

infringing use of the Accused Panels, creating established distribution channels for the Accused Panels into and within the United States, manufacturing the Accused Panels which are combined with other products that must conform with U.S. laws and regulations (e.g., Federal Communications Commission and Underwriter Laboratories' standards), distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to those purchasers in the United States through Tianma America, representatives such as Tristar Group, and distributors such as Arrow Intelligent Systems, Avnet Embedded and Integrated Solutions, Edge Electronics, Inc., and WPG Americas Inc.

74.    Upon information and belief, despite having knowledge of the '687 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '687 Patent, Tianma has nevertheless continued its infringing conduct. Tianma's infringing activities relative to the '687 Patent have been, and continue to be willful and deliberate misconduct beyond typical infringement such that Plaintiffs are entitled under 35 U.S.C. § 284 to enhanced damages up to three times the compensatory amount awarded.

75.    JDI and PLD have been damaged as a result of Tianma's infringing conduct. Tianma is liable to Plaintiffs in an amount that adequately compensates Plaintiffs for Tianma's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 9,715,132)

76.     JDI and PLD re-allege and incorporate by reference the allegations in paragraphs 1-75 above.

77.     JDI and PLD are the assignees of the '132 Patent.  Plaintiffs have all substantial rights to enforce the '132 Patent, including the right to exclude others and to sue and recover damages for past and future infringement.

78.     The '132 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

79.     Tianma has infringed and continues to infringe directly and/or indirectly (by inducing infringement), either literally or under the doctrine of equivalents, one or more claims of the '132 Patent in this District and elsewhere.

80.     For example, Tianma directly infringes at least claim 1 of the '132 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale in the United States, and/or importing into the United States, without permission, consent, authority or license, TFT LCD panels, including without limitation the TL062FVMC70 incorporated into the Motorola Moto G7 smartphone. Furthermore, upon information and belief, Tianma sells and makes Accused Panels outside of the United States, delivers the Accused Panels to its customers, distributors, and/or subsidiaries in the United States, or in the case that it delivers the Accused Panels outside of the United States, Tianma does so intending and/or knowing that the Accused Panels are destined for the United States and/or are designing those products for sale in the United States, thereby directly infringing the '132 Patent. Furthermore, Tianma directly infringes the '132 Patent through its direct involvement in the activities of its subsidiaries, including Tianma America, including by selling and offering for sale

the Accused Panels directly to Tianma America and importing the Accused Panels into the United

States for Tianma America.  Upon information and belief, Tianma America conducts activities that

constitutes direct infringement of the '132 Patent under 35 U.S.C. § 271(a) by making, offering for

sale, selling, and/or importing those Accused Panels.  Tianma is vicariously liable for this infringing

conduct of Tianma America as Tianma has the right and ability to control Tianma America's

infringing acts and receives a direct financial benefit from Tianma America's infringement.

81.    Independent claim 1 of the '132 Patent recites:

> 1. A liquid crystal display device comprising:
> a first substrate and a second substrate;
> a liquid crystal layer between the first substrate and the second
>     substrate;
> a liquid crystal molecule in the liquid crystal layer;
> a spacer formed on an inner surface of the first substrate, the
>     inner surface of the first substrate facing the liquid crystal
>     layer;
> a gate signal line formed on an inner surface of the second
>     substrate, the inner surface of the second substrate facing the
>     liquid crystal layer;
> a pixel electrode;
> a reference electrode which causes an electric field controlling
>     the liquid crystal molecule to form between the reference
>     electrode and the pixel electrode; and
> a layer disposed between the pixel electrode and the reference
>     electrode, wherein
> the pixel electrode is made of transparent conductive material,
> the reference electrode is made of transparent conductive
>     material,
> the spacer overlaps the gate signal line and reference electrode,
> an inorganic material layer and an organic material layer are
>     disposed between the gate signal line and the reference
>     electrode,
> the gate signal line has edges facing each other, and
> the reference electrode is formed on the gate signal line and
>     covers the edges in plan view.

82.    The TFT LCD panel model number TL062FVMC70, designed, manufactured, and

sold by Tianma and incorporated in the Motorola Moto G7 smartphone infringes at least claim 1 of

the '132 Patent.

83.    The TL062FVMC70 is liquid crystal display device comprising a first substrate and a second substrate with a liquid crystal layer in between.  The liquid crystal layer includes liquid crystal molecules.  The TL062FVMC70 has a spacer formed on an inner surface of the first substrate, which faces the liquid crystal layer, and a gate signal line formed on an inner surface of the second substrate, which faces the liquid crystal layer.



Images from Optical Microscope Analysis of TL062FVMC70

84.    The TL062FVMC70 has a pixel electrode and reference electrode, both made of transparent conductive material (e.g., ITO), with a layer in between.  The reference electrode causes an electric field controlling the liquid crystal molecule to form between the reference electrode and the pixel electrode.



Optical Microscope Image (left) and Scanning Electron Microscope Analysis (right) of
TL062FVMC70

85.    The TL062FVMC70 has an inorganic material layer and an organic material layer in between the gate signal line and the reference electrode.  The reference electrode covers the edges of the gate signal line, and both are overlapped by the spacer.



Optical Microscope Image (left) and Scanning Electron Microscope Analysis (right) of TL062FVMC70

Interference Contrast Microscope Image of Color Filter Substrate of TL062FVMC70 overlaid with Optical Microscope Image of TFT Substrate

86.    At a minimum, Tianma has known of the '132 Patent at least as early as the filing date of the complaint.

87.    Upon information and belief, Tianma has actively induced, under U.S.C. § 271(b), distributors, customers, subsidiaries, importers, and/or consumers that import, purchase, or sell the Accused Panels that include or are made using all of the limitations of one or more claims of the '132 Patent to directly infringe one or more claims of the '132 Patent by using, offering for sale, selling, and/or importing the Accused Panels.  Since at least the filing date of the complaint, Tianma has done so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '132 Patent.  Upon information and belief, Tianma intends to cause, and has taken affirmative steps to induce infringement by distributors, customers, subsidiaries, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the Accused

Panels, creating established distribution channels for the Accused Panels into and within the United States, manufacturing the Accused Panels which are combined with other products that must conform with U.S. laws and regulations (e.g.,  Federal Communications Commission and Underwriter Laboratories' standards), distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to those purchasers in the United States through Tianma America, representatives such as Tristar Group, and distributors such as Arrow Intelligent Systems, Avnet Embedded and Integrated Solutions, Edge Electronics, Inc., and  WPG Americas Inc.

88.    Upon information and belief, despite having knowledge of the '132 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '132 Patent, Tianma has nevertheless continued its infringing conduct.  Tianma's infringing activities relative to the '132 Patent have been, and continue to be willful and deliberate misconduct beyond typical infringement such that Plaintiffs are entitled under 35 U.S.C. § 284 to enhanced damages up to three times the compensatory amount awarded.

89.    JDI and PLD have been damaged as a result of Tianma's infringing conduct with regard to the '132 Patent.  Tianma is liable to Plaintiffs in an amount that adequately compensates Plaintiffs for Tianma's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

(INFRINGEMENT OF U.S. PATENT NO. 9,793,299)

90.     JDI and PLD re-allege and incorporate by reference the allegations in paragraphs 1-89 above.

91.     JDI and PLD are the assignees of the '299 Patent.  Plaintiffs have all substantial rights to enforce the '299 Patent, including the right to exclude others and to sue and recover damages for past and future infringement.

92.     The '299 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

93.     Tianma has infringed and continues to infringe directly and/or indirectly (by inducing infringement), either literally or under the doctrine of equivalents, one or more claims of the '299 Patent in this District and elsewhere.

94.     At a minimum, Tianma has known of the '299 Patent at least as early as the filing date of the complaint.

95.     Tianma directly infringes at least claim 1 of the '299 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale in the United States, and/or importing into the United States, without permission, consent, authority or license, TFT LCD panels, including without limitation the TL062FVMC70 incorporated into the Motorola Moto G7 smartphone.  Furthermore, upon information and belief, Tianma sells and makes Accused Panels outside of the United States, delivers the Accused Panels to its customers, distributors, and/or subsidiaries in the United States, or in the case that it delivers the Accused Panels outside of the United States, Tianma does so intending and/or knowing that the Accused Panels are destined for the United States and/or are designing those products for sale in the United States, thereby directly infringing the '299 Patent.

Furthermore, Tianma directly infringes the '299 Patent through its direct involvement in the activities of its subsidiaries, including Tianma America, including by selling and offering for sale the Accused Panels directly to Tianma America and importing the Accused Panels into the United States for Tianma America.  Upon information and belief, Tianma America conducts activities that constitutes direct infringement of the '299 Patent under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing those Accused Panels.  Tianma is vicariously liable for this infringing conduct of Tianma America as Tianma has the right and ability to control Tianma America's infringing acts and receives a direct financial benefit from Tianma America's infringement.

96.    Independent claim 1 of the '299 Patent recites:

> 1. A display device comprising display area and used in a hand-held electronic device comprising:
> a TFT substrate,
> a counter substrate,
> a multi-thin film layer,
> a liquid crystal layer,
> a seal member,
> a polarizing plate,
> an adhesive member, and
> a protective member;
> wherein the multi-thin film layer disposed on the TFT substrate,
> wherein the liquid crystal layer disposed on the multi-thin film layer,
> wherein the seal member surrounds the liquid crystal layer,
> wherein the counter substrate is disposed between the TFT substrate and the polarizing plate,
> wherein the polarizing plate is a separate member from the protective member and disposed between the counter substrate and the protective member,
> wherein the adhesive member overlaps with the display area in a plan view, and is between the protective member and the polarizing plate, and
> wherein the protective member is a protective cover of the hand-held electronic device,
> wherein the protective member overlaps with the sealing member in a plan view, and
> wherein a thickness of the protective member is at least 0.2 mm and no greater than 1.0 mm.

97.    The TFT LCD panel model number TL062FVMC70, designed, manufactured, and sold by Tianma and incorporated in the Motorola Moto G7 smartphone infringes at least claim 1 of the '299 Patent.

98.    The TL062FVMC70 has a display device comprising display area and used in a hand-held electronic device comprising: a TFT substrate, a counter substrate, and a liquid crystal layer.



Images from Optical Microscope Analysis of TL062FVMC70

99.    The TL062FVMC70 has a multi-thin film layer; wherein the multi-thin film layer disposed on the TFT substrate.



Optical Microscope Image (left) and Scanning Electron Microscope Analysis (right) of
TL062FVMC70

100.    The TL062FVMC70 has a seal member; wherein the seal member surrounds the

liquid crystal layer.



Image from Optical Microscope Analysis of TL062FVMC70

101.    The TL062FVMC70 has a polarizing plate, an adhesive member, and a protective member.  The counter substrate of the TL062FVMC70 is disposed between the TFT substrate and the polarizing plate.  The polarizing plate of the TL062FVMC70 is a separate member from the protective member and disposed between the counter substrate and the protective member; wherein the adhesive member overlaps with the display area in a plan view, and is between the protective member and the polarizing plate.



Images from Scanning Electron Microscope Analysis of TL062FVMC70

102.    The protective member of the TL062FVMC70 is a protective cover of the hand-held

electronic device; wherein the protective member overlaps with the sealing member in a plan view.



Images from Optical Microscope Analysis of TL062FVMC70

103.    The thickness of the protective member in the TL062FVMC70 is at least 0.2 mm and no greater than 1.0 mm based on a measurement of the protective member of the Motorola Moto G7 at 0.55 mm.

104.    Upon information and belief, since at least the filing of this complaint when Tianma was on notice of its infringement, Tianma has actively induced, under U.S.C. § 271(b), distributors, customers, subsidiaries, importers, and/or consumers that import, purchase, or sell the Accused Panels that include or are made using all of the limitations of one or more claims of the '299 Patent to directly infringe one or more claims of the '299 Patent by using, offering for sale, selling, and/or importing the Accused Panels.  Tianma has done so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '299 Patent.  Upon information and belief, Tianma intends to cause, and has taken affirmative steps to induce infringement by distributors, customers, subsidiaries, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the Accused Panels, creating established distribution channels for the Accused Panels into and within the United States, manufacturing the Accused Panels which are combined with other products that must conform with U.S. laws and regulations (e.g.,  Federal Communications Commission and Underwriter Laboratories' standards), distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to those purchasers in the United States through Tianma America, representatives such as Tristar Group, and distributors such as Arrow Intelligent Systems, Avnet Embedded and Integrated Solutions,  Edge Electronics, Inc., and  WPG Americas Inc.

105.    Upon information and belief, despite having knowledge of the '299 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '299 Patent,

US 7330829

Tianma has nevertheless continued its infringing conduct. Tianma's infringing activities relative to the '299 Patent have been, and continue to be willful and deliberate misconduct beyond typical infringement such that Plaintiffs are entitled under 35 U.S.C. § 284 to enhanced damages up to three times the compensatory amount awarded.

106.    JDI and PLD have been damaged as a result of Tianma's infringing conduct. Tianma is liable to Plaintiffs in an amount that adequately compensates Plaintiffs for Tianma's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V

### (INFRINGEMENT OF U.S. PATENT NO. 10,018,859)

107.    JDI and PLD re-allege and incorporate by reference the allegations in paragraphs 1-106 above.

108.    JDI and PLD are the assignees of the '859 Patent. Plaintiffs have all substantial rights to enforce the '859 Patent, including the right to exclude others and to sue and recover damages for past and future infringement.

109.    The '859 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

110.    Tianma has infringed and continues to infringe directly and/or indirectly (by inducing infringement), either literally or under the doctrine of equivalents, one or more claims of the '859 Patent in this District and elsewhere.

111.    For example, Tianma directly infringes at least claim 1 of the '859 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale in the United States, and/or importing into the United States, without permission, consent, authority or license, TFT LCD panels, including

without limitation the TL062FVMC70 incorporated into the Motorola Moto G7 smartphone. Furthermore, upon information and belief, Tianma sells and makes Accused Panels outside of the United States, delivers the Accused Panels to its customers, distributors, and/or subsidiaries in the United States, or in the case that it delivers the Accused Panels outside of the United States, Tianma does so intending and/or knowing that the Accused Panels are destined for the United States and/or are designing those products for sale in the United States, thereby directly infringing the '859 Patent. Furthermore, Tianma directly infringes the '859 Patent through its direct involvement in the activities of its subsidiaries, including Tianma America, including by selling and offering for sale the Accused Panels directly to Tianma America and importing the Accused Panels into the United States for Tianma America.  Upon information and belief, Tianma America conducts activities that constitutes direct infringement of the '859 Patent under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing those Accused Panels.  Tianma is vicariously liable for this infringing conduct of Tianma America as Tianma has the right and ability to control Tianma America's infringing acts and receives a direct financial benefit from Tianma America's infringement.

112.    Independent claim 1 of the '859 Patent recites:

> 1. A liquid crystal display device comprising:
> a first substrate and a second substrate;
> a seal material between the first substrate and the second substrate;
> a liquid crystal layer between the first substrate and the second substrate;
> a liquid crystal molecule in the liquid crystal layer;
> a spacer formed on an inner surface of the first substrate;
> a gate signal line formed on an inner surface of the second substrate;
> a pixel electrode;
> a reference electrode which causes an electric field controlling the liquid crystal molecule to form between the reference electrode and the pixel electrode;
> an organic material layer disposed between the gate signal line and the reference electrode; and

a layer disposed between the pixel electrode and the reference
electrode, wherein

the pixel electrode is made of transparent conductive material,

the reference electrode is made of transparent conductive
material,

the spacer overlaps the gate signal line in plane view,

the gate signal line has edges facing each other,

the reference electrode is formed on the gate signal line and
covers the edges in plane view,

a non-formation region of the organic material layer is outside a
display area in plane view, and

the non-formation region is between formation regions of the
organic material layer in plane view, the non-formation
region extending in a direction in which the seal material
extends.

113.    The TFT LCD panel model number TL062FVMC70, designed, manufactured, and
sold by Tianma and incorporated in the Motorola Moto G7 smartphone infringes at least claim 1 of
the '859 Patent.

114.    The TL062FVMC70 is liquid crystal display device comprising a first substrate and
a second substrate with a liquid crystal layer in between.  The liquid crystal layer includes liquid
crystal molecules.  The TL062FVMC70 has a spacer formed on an inner surface of the first substrate
and a gate signal line formed on an inner surface of the second substrate.



Optical Microscope Images of TL062FVMC70

115.    The TL062FVMC70 has a pixel electrode and reference electrode, both made of transparent conductive material (e.g., ITO), with a layer in between.  The reference electrode causes an electric field controlling the liquid crystal molecule to form between the reference electrode and the pixel electrode.



Optical Microscope Image (left) and Scanning Electron Microscope Analysis (right) of
TL062FVMC70

116.     The TL062FVMC70 has an organic material layer in between the gate signal line and the reference electrode.   The reference electrode covers the edges of the gate signal line.



Optical Microscope Image (left) and Scanning Electron Microscope Analysis (right) of TL062FVMC70

117.    The spacer of the TL062FVMC70 overlaps the gate signal line in plane view.



Interference Contrast Microscope Image of Color Filter Substrate of TL062FVMC70 overlaid with Optical Microscope Image of TFT Substrate

118.    The TL062FVMC70 has a seal material between the first substrate and the second substrate.  The TL062FVMC70 has a non-formation region of the organic material layer, which is outside a display area, between formation regions of the organic material layer, and extends in a direction in which the seal material extends.