# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| JAPAN DISPLAY INC. and PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD., | |
| Plaintiffs, | CIVIL ACTION NO. 2:20-cv-00283-JRG |
| v. | JURY TRIAL DEMANDED |
| TIANMA MICROELECTRONICS CO. LTD., | |
| Defendant. | |

## DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION

# TABLE OF CONTENTS

I.      STATEMENT OF ISSUES TO BE DECIDED ................................................. 1

II.     INTRODUCTION .................................................................................. 1

III.    STATEMENT OF FACTS ........................................................................ 3

        A.      Tianma Microelectronics Co. Ltd. .......................................... 3

        B.      Products at Issue in the Complaint.......................................... 4

        C.      Tianma America, Inc. ............................................................ 5

IV.     APPLICABLE LAW ............................................................................... 6

V.      THIS COURT LACKS JURISDICTION OVER TIANMA
        MICROELECTRONICS ........................................................................... 8

        A.      Contacts of Tianma America Cannot Be Imputed to Tianma
                Microelectronics. ................................................................. 9

        B.      This Court Lacks General Jurisdiction Over Tianma Microelectronics. .............. 11

        C.      This Court Lacks Specific Jurisdiction Over Tianma Microelectronics............... 13

                1.      Tianma Microelectronics Directs No Activities to Texas......................... 14

                2.      The Contacts of Tianma America and Its Representatives and
                        Distributors Have No Relationship to The Claims Here. ......................... 15

                3.      The "Stream of Commerce" Theory Fails to Establish Jurisdiction......... 15

        D.      Subjecting Tianma Microelectronics to This Court's Jurisdiction Would
                Offend Traditional Notions of Fair Play and Substantial Justice. ....................... 19

VI.     RULE 4(K)(2) DOES NOT ESTABLISH JURISDICTION........................................... 22

VII.    CONCLUSION..................................................................................... 23

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*3D Sys. v. Aarotech Labs, Inc.*,
   160 F.3d 1373 (Fed. Cir. 1998)........................................................................10, 11

*AGIS Software Dev. LLC v. HTC Corp.*,
   No. 2:17-cv-00514-JRG, 2018 U.S. Dist. LEXIS 167024
   (E.D. Tex. Sept. 28, 2018) ...................................................................13, 15, 19, 20

*Ainsworth v. Moffett Eng'g, Ltd.*,
   716 F.3d 174 (5th Cir. 2013) .......................................................................................7

*Alpine View Co. Ltd. v. Atlas Copco AB*,
   205 F.3d 208 (5th Cir. 2000) .....................................................................................10

*Asahi Metal Indus. Co. v. Superior Court. of Cal.*,
   480 U.S. 102 (1987)........................................................................................8, 20, 21

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................................11

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
   566 F.3d 1012 (Fed. Cir. 2009)..................................................................................11

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
   552 F.3d 1324 (Fed. Cir. 2008)....................................................................................7

*B/E Aero., Inc. v. Zodiac Aero.*,
   No. 2:16-cv-01417-JRG-RSP, 2018 U.S. Dist. LEXIS 220294,
   2018 WL 7140299 (E.D. Tex. Nov. 29, 2018) ..........................................................10

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
   21 F.3d 1558 (Fed. Cir. 1994)...........................................................................7, 8, 18

*Bluestone Innovations Tex., LLC v. Formosa Epitaxy, Inc.*,
   822 F. Supp. 2d 657 (E.D. Tex. 2011).........................................................12, 16, 17

*Boat Serv. of Galveston v. NRE Power Sys.*,
   429 F. Supp. 3d 261 (5th Cir. 2019) ............................................................................7

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)..................................................................................................7, 8

*Canon, Inc. v. TCL Elecs. Holdings Ltd. et al.*,
    No. 2:18-cv-00546-JRG, 2020 U.S. Dist. LEXIS 52162
    (E.D. Tex. Mar. 25, 2020) ................................................................18

*Celgard, LLC v. SK Innovation Co.*,
    792 F.3d 1373 (Fed. Cir. 2015) ..........................................................9

*In re Chinese-Manufactured Drywall Prods. Liability Litig.*,
    753 F.3d 521 (5th Cir. 2014) ..............................................................9

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ....................................................................7, 12

*Dickson Marine Inc. v. Panalpina, Inc.*,
    179 F.3d 331 (5th Cir. 1999) ............................................................10

*Fellowship Filtering Techs., LLC v. Alibaba.com, Inc.*,
    No. 2:15-cv-2049-JRG, 2016 U.S. Dist. LEXIS 195917
    (E.D. Tex. Sep. 1, 2016) ............................................................2, 9, 11

*Gardemal v. Westin Hotel Co.*,
    186 F.3d 588 (5th Cir. 1999) ............................................................13

*Garnet Digital, LLC v. Apple, Inc.*,
    No. 6:11-CV-647, 2012 WL 4465260 (E.D. Tex. Sept. 27, 2012) ........................16

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ..............................................................6, 7, 12, 13

*GrafTech Int'l Holdings Inc. v. GC&S Co. Ltd*
    No. 2:12-cv-00720-JRG, 2014 WL 12591876 (E.D. Tex. Apr. 8, 2014) ................17

*Grober v. Mako Prods.*,
    686 F.3d 1335 (Fed. Cir. 2012) ..........................................................6

*Hargrave v. Fibreboard Corp.*,
    710 F.2d 1154 (5th Cir. 1983) ..........................................................10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) ......................................................................7

*Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*,
    No. 5:08-cv-00026, 2009 U.S. Dist. LEXIS 34767, 2009 WL 1025467
    (E.D. Tex. Mar. 26, 2009) ................................................................7

*Insituform Techs., Inc. v. CAT Contracting, Inc.*,
    385 F.3d 1360 (Fed. Cir. 2004) ......................................................9, 11

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945)............................................................................................6, 8

*Johnston v. Multidata Sys. Int'l Corp.*,
   523 F.3d. 602 (5th Cir. 2008) ...................................................................................13

*NexLearn v. Allen Interaction, Inc.*,
   859 F.3d 1371 (Fed. Cir. 2017)................................................................................14

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
   626 F.3d 1222 (Fed. Cir. 2010) ........................................................................ *passim*

*Pieczenik v. Dyax Corp.*,
   265 F.3d 1329 (Fed. Cir. 2001)..................................................................................6

*QR SPex, Inc. v. Motorola, Inc.*,
   507 F. Supp. 2d 650 (E.D. Tex. 2007) ...............................................................9, 11

*Semcon IP Inc. v. TCT Mobile Int'l Ltd.*,
   No. 2:18-CV-00194-JRG, 2019 U.S. Dist. LEXIS 110018
   (E.D. Tex. Jul. 1, 2019)............................................................................................18

*Shrader v. Biddinger*,
   633 F.3d 1235 (10th Cir. 2011) ...............................................................................14

*Spike, LLC v. Huawei Techs. Co., Ltd.*,
   No. 6:13-cv-00679-RWS, 2016 U.S. LEXIS 194468 (E.D. Tex. Jun. 6, 2016).................7, 18

*Touchcom, Inc. v. Bereskin & Parr*,
   574 F.3d 1403 (Fed. Cir. 2009)................................................................................22

*Trioptima AB v. Quantile Tech. Ltd.*,
   No. 2:19-cv-00390-JRG, Dkt. No. 149 (Nov. 25, 2020) .........................................19

*United States v. Bestfoods*,
   524 U.S. 51 (1998)...................................................................................................10

*United States v. Jon-T Chemicals, Inc.*,
   768 F.2d 686 (5th Cir. 1985) .....................................................................................9

*Wije v. Tex. Woman's Univ.*,
   2015 U.S. Dist. LEXIS 174988 (E.D. Tex. Dec. 22, 2015)......................................11

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980)...................................................................................................7

*Zahra Spiritual Trust v. United States*,
   910 F.2d 240 (5th Cir. 1990) ...................................................................................11

**DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS** - **Page** v

**State Cases**

*Moki Mac River Expeditions v. Drugg*,
  221 S.W.3d 569 (Tex. 2007).......................................................................................6

**Rules**

Fed. R. Civ. P. 4(d)(5)...............................................................................................1

Fed. R. Civ. P. 4(k)(2)..........................................................................................22, 23

Fed. R. Civ. P. 12(b)(2)..............................................................................................1

## I.  STATEMENT OF ISSUES TO BE DECIDED

Whether the Court has personal jurisdiction over Tianma Microelectronics Co. Ltd.

## II.  INTRODUCTION

Defendant Tianma Microelectronics Co. Ltd. ("Tianma Microelectronics") moves to dismiss the Complaint (Dkt. 1) for lack of personal jurisdiction.[1] Tianma Microelectronics, the sole named defendant, is a Chinese electronics company that (via Chinese subsidiaries) designs products in China, makes products in China, and sells and delivers products primarily in China.[2] It has no operations or presence in, or contacts with, the State of Texas. Tianma Microelectronics does not make, sell, offer for sale, or import the accused products—LCD panel components for consumer electronics—in the United States. Instead, Tianma Microelectronics makes and sells the accused products in China to third parties, who incorporate the LCD panel components into their own products. Tianma Microelectronics has no control over or specific information regarding where in the world these third parties' products end up. Tianma Microelectronics is not involved at all in the subsequent distribution or sale of downstream products that may include the accused products. On those facts, Tianma Microelectronics does not meet the basic requirements for either general or specific personal jurisdiction.

---

[1] Tianma Microelectronics previously agreed to waive service, extending the deadline for its response to the complaint. Dkt. No. 13. The Federal Rules are clear that "[w]aiving service of a summons does not waive any objection to personal jurisdiction or to venue." Fed. R. Civ. P. 4(d)(5).

[2] To be precise, Defendant Tianma Microelectronics is a parent to several Chinese operating subsidiaries, who are not parties to this case. Zhang Decl. ¶ 5. As the corporate parent, Tianma Microelectronics performs managerial functions but does not engage in any manufacturing or delivery activities, even in China. Zhang Decl. ¶ 6. Nevertheless, to construe the facts most favorable to the plaintiffs and to assist this Court in its duty to determine personal jurisdiction in this case (and without prejudice to defendant's ability to rely on its unique corporate identity in this proceeding), this brief will assume, *arguendo*, that Tianma Microelectronics is responsible for all the activities of its Chinese subsidiaries. Even with that broad view, Tianma Microelectronics does not satisfy the jurisdictional thresholds as discussed below.

Plaintiff Japan Display Inc. ("JDI"), a Japanese company with no apparent ties to Texas of its own, makes much of Tianma Microelectronics's California-based subsidiary, Tianma America, Inc. ("Tianma America"). JDI often confuses the purported actions of Tianma America as those of Tianma Microelectronics. For example, JDI alleges that Tianma America distributes the accused products in the United States. *See* Compl. ¶ 9. But Tianma America does not (nor does Tianma Microelectronics). In fact, Tianma America has *no involvement whatsoever* in the accused products. Neither Tianma America nor the third-party representatives or distributors identified in the complaint make, sell, offer for sale, or import the accused products in the U.S. Therefore, those actions and contacts of Tianma America relied upon by JDI have nothing to do with the accused products or the claims raised in the complaint.

More importantly, even if Tianma America's actions and contacts in the U.S. are related to the accused products and JDI's claims—which they are not—its actions and contacts cannot be imputed to its Chinese parent. The black letter law, which JDI ignores, says that a subsidiary's contacts cannot be imputed to a parent company unless the parent's control "pervades" the subsidiary's activities in the forum or the lines between the companies are "'so blurred that the two become one.'" *Fellowship Filtering Techs., LLC v. Alibaba.com, Inc.*, No. 2:15-cv-2049-JRG, 2016 U.S. Dist. LEXIS 195917, at *2 (E.D. Tex. Sep. 1, 2016) (citation omitted). There is no such pervasion here, and the lines between the two are clear: Tianma Microelectronics does not exert control over Tianma America; and the two entities have separate articles of incorporation, and maintain separate corporate records, financial accounts, and accounting systems.

For at least the reasons described herein, this Court lacks personal jurisdiction over Tianma Microelectronics and should dismiss the Complaint.[3]

## III.    STATEMENT OF FACTS

### A.    Tianma Microelectronics Co. Ltd.

Tianma Microelectronics is a Chinese electronics company, established in 1983. *See* Zhang Decl.[4] ¶ 3. It is a corporation organized under the laws of the People's Republic of China and has its principal place of business in Shenzhen, China. Zhang Decl. ¶¶ 3-4. Tianma Microelectronics (via Chinese subsidiaries) develops, designs, manufactures, advertises, markets, sells and delivers LCD panel components in China.[5] Zhang Decl. ¶ 11. Tianma Microelectronics markets and sells products, primarily in China. *See* Zhang Decl. ¶ 13. Tianma Microelectronics's customers are typically large electronics companies which incorporate Tianma Microelectronics's products into their own products for sale downstream around the world. Zhang Decl. ¶ 14.

Tianma Microelectronics does not develop, design, manufacture, advertise, market, sell or deliver products in the United States. Zhang Decl. ¶ 12. Tianma Microelectronics does not provide any post-sales service or support in the United States. Zhang Decl. ¶ 18. Tianma Microelectronics has no employees in the United States. Zhang Decl. ¶ 7. Tianma Microelectronics has never been party to a lawsuit in any federal district court in the United

---

[3] Tianma Microelectronics is filing near-identical motions to dismiss the two other cases that JDI filed against it on August 31, 2020. *See* No. 2:20-cv-00284-JRG and 2:20-cv-0285-JRG. All three complaints rely on identical fact patterns, but cite different combinations of accused products in attempting to establish jurisdiction over Tianma Microelectronics (*see* ¶¶ 7-21). All should be dismissed for the same reasons.

[4] Citations to "Zhang Decl." refer to the attached declaration of Yong Zhang, Vice Director at Tianma Microelectronics.

[5] Again, this brief assumes, *arguendo*, that the activities of Tianma Microelectronics' Chinese subsidiaries can be attributed to Tianma Microelectronics. This does not extend, however, to any activities in the U.S. for the reasons explained herein.

States. Tianma Microelectronics does not own or lease any real or personal property in the United States. Zhang Decl. ¶ 8. Tianma Microelectronics does not maintain a bank account in the United States and does not pay taxes in the United States. Zhang Decl. ¶ 9.

### B.    Products at Issue in the Complaint

The accused products in this case are Tianma Microelectronics's LCD panels which are allegedly incorporated by Motorola and Asus into their own consumer electronics (mobile devices or vehicle screens). *See* Compl. ¶ 42. The specific models at issue are LCD panels with model numbers TL062FVMC70, TM062JDSC03, and TL079QDXP02 (the "Accused Products"). Tianma Microelectronics designs, develops, and manufactures the Accused Products exclusively in China. Zhang Decl. ¶ 20. Tianma Microelectronics markets and sells the Accused Products exclusively in Asia, primarily in China. Zhang Decl. ¶ 22. Tianma Microelectronics does not design, develop, market, manufacture, sell, deliver, or ship any of the Accused Products in or to the United States. Zhang Decl. ¶ 21.

A summary of customer and delivery information for the Accused Products is presented below. Each of the identified customers is the *only* customer for the corresponding product.

| Accused Product | Tianma Microelectronics's Customer | Customer's location of incorporation | Delivery location |
|---|---|---|---|
| TL062FVMC70 TM062JDSC03 | Motorola (Wuhan) Mobility Technologies Communication Co. | China | China |
| TL079QDXP02 | ASUSTek Computer Inc. | Taiwan | China |

While Tianma Microelectronics is aware in a general sense that the Accused Products are incorporated into downstream products that are sold around the world, it has no control over the incorporation of any of the Accused Products into any downstream products, and has no control over the distribution, sale, or any other aspect of the Accused Products or any downstream products by its customers or of their subsequent downstream customers. Zhang Decl. ¶ 29. Tianma

Microelectronics conducts no regulatory filings either in China or in the United States to ensure that the Accused Products comply with regulations for import or sale in the United States. Zhang Decl. ¶¶ 32-33. Tianma Microelectronics does not provide post-sales service for its customers in the United States. Zhang Decl. ¶¶ 18, 31. Tianma Microelectronics has no specific information on the final geographic destination of the Accused Products. Zhang Decl. ¶ 29. And Tianma Microelectronics has no specific information on the sales of downstream products that may incorporate the Accused Products in the United States. Zhang Decl. ¶ 30.

### C.    Tianma America, Inc.

Tianma America, Inc. is a wholly owned subsidiary of Tianma Microelectronics. Zhang Decl. ¶ 34; *see also* Cheng Decl.[6] ¶ 3. Tianma America has offices in California and Michigan. Cheng Decl. ¶ 15. It does not have any office or place of business in Texas. Cheng Decl. ¶ 16.

Tianma America is not involved in all of Tianma Microelectronics's products. In particular, it is not involved in the Accused Products whatsoever. Zhang Decl. ¶ 39; Cheng Decl. ¶ 13. Plaintiffs' complaint rightly points out that Tianma America's website lists "173 unique display panel model numbers for sale,"[7] but that list does not include the Accused Products. Tianma America does not design, manufacture, market, sell, deliver, or support the Accused Products. Zhang Decl. ¶ 39; Cheng Decl. ¶ 13.

Plaintiffs refer to several third-party representatives/distributors in the United States, namely Tristar Group, Arrow Intelligent Systems, Avnet Embedded and Integrated Solutions, Edge Electronics, Inc., and WPG Americas Inc. *See* Compl. ¶ 10. The identified representative or

---

[6] Citations to "Cheng Decl." refer to the attached declaration of Shide (Eric) Cheng, CEO of Tianma America.
[7] *See* Compl. ¶ 9 (citing https://usa.tianma.com/products-technology/product-filter).

distributors do not distribute the Accused Products in the United States or anywhere else. Zhang Decl. ¶ 40.

Tianma America and Tianma Microelectronics have separate articles of incorporation, separate corporate records, financial accounts, and accounting systems. Zhang Decl. ¶¶ 35, 37; Cheng Decl. ¶¶ 4, 6. While they do share one common member of their respective boards of directors, Tianma Microelectronics does not control the day-to-day activities or general policy of Tianma America. Zhang Decl. ¶¶ 36, 38; Cheng Decl. ¶ 7.

## IV.    APPLICABLE LAW

Federal Circuit law governs personal jurisdiction in patent cases. *Grober v. Mako Prods.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012). Once the movant challenges personal jurisdiction, the burden is on the party asserting jurisdiction to show the movant has sufficient minimum contacts. *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001).

Determining whether a court has personal jurisdiction over an out-of-state defendant requires a two step-inquiry: (1) "whether a forum state's long-arm statute permits service of process," and (2) "whether assertion of personal jurisdiction violates due process." *Grober*, 686 F.3d at 1345 (internal quotation marks and citation omitted). Because Texas's long-arm statute is coextensive with the Constitution, personal jurisdiction is satisfied when the assertion of jurisdiction comports with constitutional due process requirements. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007). For the purposes of personal jurisdiction, constitutional due process requires that the defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Minimum contacts are required for a court to exercise either general jurisdiction or specific jurisdiction. *Goodyear*, 564 U.S. at 919; *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994). General jurisdiction exists when the defendant's contacts with the forum are "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 128 (2014).

Specific jurisdiction is satisfied when the defendant has "purposefully directed [its] activities at the residents of the forum, and the litigation results from alleged inquires that arise from or relate to those activities." *Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*, No. 5:08-cv-00026, 2009 U.S. Dist. LEXIS 34767, 2009 WL 1025467, at *3 (E.D. Tex. Mar. 26, 2009) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)). Minimum contacts for specific jurisdiction can also be found if a foreign defendant purposefully avails itself of a forum by "delivering its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1233 (Fed. Cir. 2010) (citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 298 (1980)); *see also Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008). "[U]nilateral actions of third-parties alone are not sufficient to confer personal jurisdiction via a stream-of-commerce theory." *Spike, LLC v. Huawei Techs. Co., Ltd.*, No. 6:13-cv-00679-RWS, 2016 U.S. LEXIS 194468, *6 (E.D. Tex. Jun. 6, 2016)[8] (collecting cases).

---

[8] *See also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("Unilateral activity of another party or a third party is not an appropriate consideration for determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."); *Boat Serv. of Galveston v. NRE Power Sys.*, 429 F. Supp. 3d 261, 274 (5th Cir. 2019) (citing *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013) (Jurisdiction under the stream of commerce theory requires that "[t]he defendant's contacts must be more than 'random, fortuitous, or attenuated, or of the unilateral activity of another party or third person.'")).

**DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS - Page 7**

If minimum contacts exist, a defendant moving to dismiss for lack of personal jurisdiction bears the burden of showing that it would be unfair or unreasonable to maintain suit in the forum. *Asahi Metal Indus. Co. v. Superior Court. of Cal.*, 480 U.S. 102, 121–22 (1987) (Stevens, J., concurring in part and concurring in the judgment) (quoting *Int'l Shoe*, 326 U.S. at 320); *Beverly Hills*, 21 F.3d at 1568. This analysis requires balancing various factors: "(1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Burger King*, 471 U.S. at 477 (citations omitted). In the "rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum," jurisdiction should be denied. *Beverly Hills*, 21 F.3d at 1568 (internal citations omitted).

As shown below, Tianma Microelectronics does not have the requisite contacts with Texas to establish either general or specific jurisdiction. Even if it is found to have such contacts, the exercise of jurisdiction would indeed be unfair and unreasonable.

## V.   THIS COURT LACKS JURISDICTION OVER TIANMA MICROELECTRONICS

JDI asserts jurisdiction over Tianma Microelectronics based on (1) Tianma Microelectronics's alleged corporate presence through Tianma America in the U.S. and through Tianma America's "representative," Tristar Group, in Texas; and (2) Tianma Microelectronics's placement of the Accused Product LCD panels into the stream of commerce via established distribution channels "comprising representatives such as Tristar Group, distributors such as Arrow Intelligent Systems, Avnet Embedded and Integrated Solutions, Edge Electronics, Inc.,

and WPG Americas Inc., customers such as Motorola and ASUS, and/or its wholly-owned, U.S.-based subsidiary Tianma America." Compl. ¶¶ 10-11. It is unclear whether JDI attempts to establish general jurisdiction or specific jurisdiction based on either alleged contact/activity. Regardless, neither can be established.

A.    **Contacts of Tianma America Cannot Be Imputed to Tianma Microelectronics.**

As an initial matter, JDI cannot rely on Tianma America's contacts to establish jurisdiction over Tianma Microelectronics. The contacts of a third party, including those of a subsidiary, may be imputed to a corporate parent under either the theory of "alter ego" or the theory of agency. *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1379 (Fed. Cir. 2015). Fifth Circuit law governs whether a subsidiary's acts can be imputed to a corporate parent in determination of personal jurisdiction. *Insituform Techs., Inc. v. CAT Contracting, Inc*., 385 F.3d 1360, 1380 (Fed. Cir. 2004). "For an agency relationship to permit imputation of contacts, the parent company's control over the agent must pervade the agent's dealings with the forum." *Fellowship Filtering*, at \*2 (citing *In re Chinese-Manufactured Drywall Prods. Liability Litig*., 753 F.3d 521, 532 (5th Cir. 2014)). To impute a subsidiary's contacts to a parent as an "alter ego," "the lines between the defendant and the third party must become 'so blurred that the two become one.'" *Id*. at \*6 (citing *QR SPex, Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 663 (E.D. Tex. 2007)).

The typical corporate relationship between a parent and subsidiary, including "one hundred percent ownership and identity of directors and officers," is not sufficient to impute the contacts of a subsidiary to the parent under an alter ego theory. *United States v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 691 (5th Cir. 1985). The Fifth Circuit has identified a number of factors to consider for whether imputation is proper under either an agency or alter ego theory:

(1) amount of stock owned, (2) commonality of corporate headquarters, (3) common officers and directors, (4) observation of corporate formalities, (5) maintenance of separate accounting systems, (6) exercise of complete authority over general policy by parent, and (7) exercise of complete authority over daily operations by subsidiary. *See Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999). "'The degree of control exercised by the parent must be greater than that normally associated with common ownership and directorship.'" *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 219 (5th Cir. 2000) (quoting *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983)). "The corporate form is not to be lightly cast aside." *3D Sys. v. Aarotech Labs, Inc.*, 160 F.3d 1373, 1380 (Fed. Cir. 1998).

The circumstances here do not warrant imputing to Tianma Microelectronics the purported contacts of Tianma America in this district. Tianma Microelectronics has its own articles of incorporation separate from those of Tianma America. Zhang Decl. ¶ 35; Cheng Decl. ¶ 4. Tianma Microelectronics does not share any facilities with Tianma America. Cheng Decl. ¶ 5. Tianma Microelectronics has separate corporate records, financial accounts, and accounting systems from Tianma America. Zhang Decl. ¶ 37; Cheng Decl. ¶ 6. Tianma Microelectronics does not control the day-to-day activities of Tianma America. Zhang Decl. ¶ 38; Cheng Decl. ¶ 7. Tianma Microelectronics does not direct or control the decisions of Tianma America with respect to any of the Accused Products. *See id*. At most, Tianma Microelectronics's activities amount to the "routine parental involvement . . . such as monitoring the subsidiary's performance, supervising finance and budget decisions, and articulating general policies and procedures," that has been found insufficient to support imputation. *See B/E Aero., Inc. v. Zodiac Aero.*, No. 2:16-cv-01417-JRG-RSP, 2018 U.S. Dist. LEXIS 220294, 2018 WL 7140299, at *3 (E.D. Tex. Nov. 29, 2018) (citing *United States v. Bestfoods*, 524 U.S. 51, 72 (1998)). Even the

overlap of a board member between Tianma Microelectronics and Tianma America (Zhang Decl. ¶ 36; Cheng Decl. ¶ 14), absent more, cannot establish alter ego status between the two entities. *See Fellowship Filtering*, at *11-12 ("[I]dentity of officers and directors, even coupled with other indicia of alter ego status, is not a sufficient basis to impute contacts of a third party to the defendant.") (citing *QR Spex*, 507 F. Supp. 2d at 663). In short, the "lines between" Tianma Microelectronics and Tianma America are not "'so blurred that the two become one.'" *See Fellowship Filtering*, at *2 (citation omitted).

Corporate form must not be disregarded "unless specific, unusual circumstances call for an exception," *3D Sys.*, 160 F.3d at 1380, such as "where a corporation is organized and operated as a mere tool or business conduit" for another entity. *See Insituform*, 385 F.3d at 1381 (citing *Zahra Spiritual Trust v. United States*, 910 F.2d 240, 243-45 (5th Cir. 1990) (listing theories)). JDI has not identified any such "unusual circumstances" that would "call for an exception" to disregard corporate form as to Tianma America. JDI's statement that "[t]hrough *direction and control* of [its] subsidiary [Tianma America], Tianma [Microelectronics] has committed acts of direct and/or indirect patent infringement within Texas . . ." has no factual or legal support. Compl. ¶ 8 (emphasis added). Unsupported assertions of "direction and control" are insufficient to impute actions from a subsidiary to a parent for the purpose of establishing jurisdiction. *Wije v. Tex. Woman's Univ.*, 2015 U.S. Dist. LEXIS 174988, *12 (E.D. Tex. Dec. 22, 2015) ("[T]he Court identifies conclusory allegations and proceeds to disregard them, for they are 'not entitled to the assumption of truth.'") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).

## B.   This Court Lacks General Jurisdiction Over Tianma Microelectronics.

"The standard for general jurisdiction is 'fairly high.'" *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009). Corporations are naturally subject to courts' general jurisdiction where they are incorporated or have their principal place of business.

*Daimler*, 571 U.S. at 137 ("[T]he place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'") (citation omitted). Exercise of general jurisdiction over a foreign defendant, on the other hand, requires that the defendant have contacts so "continuous and systematic" that the defendant is "essentially at home" in the forum state. *Goodyear*, 564 U.S. at 919. JDI fails to establish a *prima facie* case to satisfy the high standard for general jurisdiction.

Tianma Microelectronics is incorporated in China and has its principal place of business in China. Zhang Decl. ¶ 3. It has no offices, employees, or bank accounts in Texas. Zhang Decl. ¶¶ 7-8. It has taken no step to direct activities towards Texas. It makes and sells its products in Asia. Thus, it is far from "essentially at home" in Texas and should not be found subject to this Court's general jurisdiction. Under similar facts, this Court has found no general personal jurisdiction. For example, in *Bluestone Innovations Tex., LLC v. Formosa Epitaxy, Inc.*, 822 F. Supp. 2d 657, 661-62 (E.D. Tex. 2011), foreign defendant ForEPI manufactured bare LED chips overseas and sold them to packaging companies in Korea including entities related to LG and Samsung who packaged the chips into LED lamps in products, some of which were sold in Texas. *Id.* ForEPI had no office, employees, bank account, or other business presence in Texas. This Court found that it did not have general jurisdiction over ForEPI and should reach the same conclusion as to Tianma Microelectronics. *Id.*

To the extent JDI alleges that Tianma Microelectronics is subject to general jurisdiction in this forum due to "its substantial business in this State and District . . . ." Compl. ¶ 8. This is incorrect. Tianma Microelectronics does not conduct any of the allegedly infringing activities in the State of Texas, nor does it "regularly do[] or solicit[] business, engag[e] in other persistent conduct, and/or deriv[e] substantial revenue from [allegedly] infringing goods . . ." in the State

of Texas as Plaintiff alleges. *Id.*; *see also* Zhang Decl. ¶¶ 7-9, 12, 18. JDI does not actually

identify any business, much less substantial business, of Tianma Microelectronics in Texas or the

Eastern District.

JDI also alleges that, "[t]hrough *direction and control* of [its] subsidiary [Tianma

America], Tianma [Microelectronics] has committed acts of direct and/or indirect patent

infringement within Texas. . . ." Compl. ¶ 8 (emphasis added). JDI's reliance on contacts of

Tianma America is, as discussed above, both unfounded in fact, because Tianma America is not

involved in the Accused Products, and unfounded in law, because Tianma America's contacts

cannot be imputed to Tianma Microelectronics.

General jurisdiction over a foreign defendant can be found only in an "exceptional case,"

requiring a showing of the defendant's substantial, continuous, and systematic contact with the

forum. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d. 602, 609 (5th Cir. 2008). Tianma

Microelectronics is not such an exceptional case. "[V]ague and overgeneralized assertions," such

as those in JDI's complaint, are insufficient. *Id.* at 610 (citing *Gardemal v. Westin Hotel Co.*, 186

F.3d 588, 596 (5th Cir. 1999)).

### C.    This Court Lacks Specific Jurisdiction Over Tianma Microelectronics.

"Specific jurisdiction is satisfied when the defendant has 'purposefully directed [its]

activities at the residents of the forum, and the litigation results from alleged inquires that arise

from or relate to those activities.'" *AGIS Software Dev. LLC v. HTC Corp.*, No. 2:17-cv-00514-

JRG, 2018 U.S. Dist. LEXIS 167024, *4 (E.D. Tex. Sept. 28, 2018) (citations omitted); *see also*

*Goodyear*, 564 U.S. at 919. The Federal Circuit has a three-prong test: "(1) whether the

defendant purposefully directed activities at residents of the forum; (2) whether the claim arises

out of or relates to those activities; and (3) whether assertion of personal jurisdiction is

reasonable and fair." *Nuance*, 626 F.3d at 1231 (citation omitted). JDI cannot meet this test.

### 1.     Tianma Microelectronics Directs No Activities to Texas.

Tianma Microelectronics directs no activities at residents of this forum and lacks the "minimum contacts" needed for the exercise of specific jurisdiction over it in Texas. Tianma Microelectronics is a Chinese company that (via Chinese subsidiaries) does business primarily in China.  *See* Zhang Decl. ¶¶ 11, 13. It makes and sells the Accused Products to large electronics manufacturing companies in Asia and delivers those products in Asia, primarily in China. *See* Zhang Decl. ¶ 13-14. Tianma Microelectronics makes and sells products in Asia. It does not make, use, sell, offer for sale, or import the Accused Products in this forum and therefore does not commit "at least part of its [allegedly] infringing activities" in this forum. *See* Compl. ¶ 8; Zhang Decl. ¶¶ 12, 21. Tianma Microelectronics makes no effort to direct the Accused Products, or products that incorporate the Accused Products, towards the United States.

JDI alleges that "Tianma maintains commercial websites accessible to the residents of Texas and this District through which Tianma promotes, markets, advertises, and facilitates sales of the infringing TFT LCD panels. *See* http://en.tianma.com/index.shtml." Compl. ¶ 19. JDI cites the front corporate webpage of Tianma Microelectronics, which (1) is not an e-commerce site from which one might purchase products, (2) is not targeted at residents of Texas, and, (3) in any case, does not even mention the Accused Products. The law is clear that the "mere existence" of an interactive website (which the identified Tianma Microelectronics arguably is not) does not confer minimum contacts for personal jurisdiction. *See NexLearn v. Allen Interaction, Inc.*, 859 F.3d 1371, 1378-79 (Fed. Cir. 2017); *Nuance*, 626 F.3d at 1235; *see also Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011) (collecting cases).

Accordingly, JDI cannot satisfy the first prong of the personal jurisdiction test. Because there are no contacts to consider, the claims at issue in the complaint cannot arise out of or relate

to activities of Tianma Microelectronics in this forum. The second prong of the test, whether the claim arises from such contacts, is therefore moot. *Nuance*, 626 F.3d at 1231.

### 2. The Contacts of Tianma America and Its Representatives and Distributors Have No Relationship to The Claims Here.

JDI alleges that Tianma America "distributes infringing TFT LCD panels" (Compl. ¶ 9), "has responsibility for all sales . . . of the Tianma Group's display solutions in the Americas" (*id.*), "has a 'representative' in Texas that provides support to potential customers in Texas regarding Tianma [Microelectronics]'s products" (*id* at ¶ 10), "use[s], offer[s] for sale, sell[s], and/or import[s] accused products" (*id.*), "is authorized to import, sell, or offer for sale the accused products on behalf of [Tianma Microelectronics]" (*id.*), and in sum "conducts infringing activities on behalf of Tianma [Microelectronics]" (*id.*[9]). But, as noted above, Tianma America and its representatives and distributors are not involved in the Accused Products whatsoever. Zhang Decl. ¶ 39; Cheng Decl. ¶ 13. Therefore, even if Tianma America's activities may be imputed to Tianma Microelectronics—which they cannot be—no claim in the complaint could have arisen from contacts by these entities.

### 3. The "Stream of Commerce" Theory Fails to Establish Jurisdiction.

JDI attempts, but fails, to establish jurisdiction over Tianma Microelectronics under the stream of commerce theory. *See* Compl. ¶ 13. "Under the stream of commerce theory, minimum contacts are found if the defendant 'deliver[s] its products into the stream of commerce with the expectation that they will be purchased by customers in the forum state.'" *AGIS* at *5. Tianma Microelectronics has not placed the Accused Products in the stream of commerce with the expectation that they will be purchased by customers in Texas.

---

[9] Similar allegations continue in Complaint paragraph 11.

**DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS** - Page 15

JDI alleges that Tianma Microelectronics "has placed and continues to place infringing TFT LCD panels into the stream of commerce via established distribution channels comprising at least representatives . . . , distributors . . . , customers . . . , and its wholly-owned, U.S.-based subsidiary Tianma America." Compl. ¶ 13. This statement is false.

As mentioned above and supported by the accompanying declarations, neither Tianma America nor its representatives or distributors deal in the Accused Products. *See* Zhang Decl. ¶¶ 39-40; *See also* Cheng Decl. ¶ 13. Tianma Microelectronics has not placed any of the Accused Products into the stream of commerce through such entities or distribution channels.

Tianma Microelectronics has no distributor in the U.S. or Texas for the Accused Products and has established no distribution channel for the Accused Products in the U.S. or Texas. It is true that Tianma Microelectronics has sold the Accused Products to customers such as Motorola and ASUS, but such sales only take place in Asia. Tianma Microelectronics does not make any effort to market the Accused Products in the U.S. and does not control, advise, or encourage its customers to sell their downstream products into the U.S. Zhang Decl. ¶¶ 17, 21, 30. *See Garnet Digital, LLC v. Apple, Inc.*, No. 6:11-CV-647, 2012 WL 4465260, at *2 (E.D. Tex. Sept. 27, 2012) ("The test for minimum contacts focuses on defendant's actions with the forum state and not a third party's independent actions.").

Tianma Microelectronics does not have actual knowledge or information regarding whether its customers' downstream products, which include the Accused Products, have reached Texas. And JDI provides no evidence that *anyone* actually sold the Accused Products in Texas at any point, much less that Tianma Microelectronics directed such sales in Texas. *See Bluestone*, 822 F. Supp. 2d at 664 (failure to present evidence of actual sales in Texas suggests lack of specific personal jurisdiction). For example, JDI identifies Motorola Mobility's website for the

Moto G7 but does not identify any evidence that this product was actually sold or used in Texas. *See* Compl. ¶ 15. JDI identifies a screen shot from Best Buy's website and states that the Motorola device "can be purchased" or Asus device "was widely sold" online, but clicking on the URLs[10] for both products reveals that "This item is no longer available in new condition." *Id.* at ¶ 16, 18. JDI provides no purchase receipts or other evidence indicating that any downstream products containing the Accused Products were ever actually sold in Texas.

The lack of evidence of actual sales in the forum has previously been found to be a significant factor to fail a stream-of-commerce analysis. In *GrafTech Int'l Holdings Inc. v. GC&S Co. Ltd.*, GC&S sold graphite sheets in Korea via an intermediary to LG and Samsung for use in their products. No. 2:12-cv-00720-JRG, 2014 WL 12591876, at *4 (E.D. Tex. Apr. 8, 2014).  This Court found that "[d]espite the generally recognized prevalence of Samsung displays across the United States, no direct or circumstantial evidence has been proffered regarding the sale or distribution of those Samsung devices which actually incorporate and contain GC&S's products." *Id.* Lacking that evidence, the Court found that GrafTech had failed to make a *prima facie* showing of sufficient minimum contacts under the stream of commerce theory to confer general or specific jurisdiction over GC&S. The same applies here, where JDI offered no direct or circumstantial evidence of the actual sale of a device including Tianma Microelectronics's products in this forum. *See also Bluestone*, 822 F. Supp. 2d at 664.

Even assuming there were actual sales, JDI shows no evidence that any such actual sales in Texas, *from sources unknown*, were made with Tianma Microelectronics's "knowledge,

---

[10] *See* Moto G7: https://www.bestbuy.com/site/motorola-moto-g7-with-64gb-memory-cell-phone-unlocked-clear-white/6324288.p?skuId=6324288&contractId=unactivat%E2%80%80A6
Asus ZenPad 8.0: https://www.bestbuy.com/site/asus-zenpad-8-0-8-tablet-16gb-dark-gray/5386700.p?skuId=5386700
JDI also provides a link to web.archive.com, but the link is broken.

authority, or approval." *See Spike*, 2016 U.S. Dist. LEXIS 194468, at *7 (declining to exercise jurisdiction over defendant under the stream-of-commerce test when there was no evidence that sales took place with defendant's "knowledge, authority, or approval"). Moreover, to the extent any customers did sell products in Texas, those "unilateral actions of third-parties . . . are not sufficient to confer personal jurisdiction via a stream-of-commerce theory." *Id*. at *6.

This case differs from those where the courts found jurisdiction based on the stream-of-commerce theory. For example, in *Beverly Hills*, where the Federal Circuit found jurisdiction, defendant Ultec, a Chinese fan maker, sold fans to co-defendant Royal, a New Jersey corporation which imported and distributed the fans in the U.S., including in Virginia where the suit was brought. 21 F.3d at 1560. The Federal Circuit noted uncontroverted evidence that the fans were actually sold in Virginia and that the "defendants purposefully shipped the accused fan into Virginia through an established distribution channel." *Id.* at 1565. None of that applies here.

This Court has exercised jurisdiction over foreign defendants under the stream-of-commerce test when the foreign defendants established distribution channels or supply chains for the accused products through their U.S. subsidiaries. For example, in *Canon, Inc. v. TCL Elecs. Holdings Ltd. et al.*, this Court exercised jurisdiction over foreign defendant TCL, because TCL's U.S. subsidiary (a named defendant) was found to be part of a "vertically integrated" supply chain as to the accused products, TCL's chairman toured North American cities promoting the accused products, and TCL and its U.S. subsidiary had overlapping executives. No. 2:18-cv-00546-JRG, 2020 U.S. Dist. LEXIS 52162, *4 (E.D. Tex. Mar. 25, 2020) (listing factors). Likewise, in both *Semcon IP Inc. v. TCT Mobile Int'l Ltd.* and *AGIS*, this Court found jurisdiction over the foreign defendants when the foreign parents sold the accused products in the U.S. through their respective U.S. subsidiaries. *See Semcon*, No. 2:18-CV-00194-JRG, 2019 U.S.

DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS – Page 18

Dist. LEXIS 110018, *2 (E.D. Tex. Jul. 1, 2019); *AGIS*, 2018 U.S. Dist. LEXIS 167024, at *10. While Tianma Microelectronics and Tianma America do share a board member, Tianma America is *not* vertically integrated into the supply chain for the Accused Products—*Tianma America has nothing to do with the Accused Products*—and Tianma Microelectronics does not market the Accused Products in the United States and does not ship any Accused Products to Tianma America, or to any entity in the United States. Zhang Decl. ¶¶ 21, 36, 39; Cheng Decl. ¶¶ 13-14.

Because Tianma Microelectronics does not direct activities related to the Accused Products towards Texas, JDI has failed to show that the first and second prongs of the specific jurisdiction test have been established. Tianma Microelectronics sells the Accused Products in Asia to customers over whom Tianma Microelectronics has no control or coordination regarding their downstream products' destination. And Tianma Microelectronics's "conduct and connections with the forum state" are nonexistent, much less being "such that [Tianma Microelectronics] should reasonably have anticipated being hailed into court [here]." *World-Wide Volkswagen*, 444 U.S. at 297. Neither Tianma America nor its alleged representative or distributors distribute or sell the Accused Products whatsoever, and JDI has identified no actual sales of products containing the Accused Products in this forum. Therefore, the Court should refuse to exercise specific jurisdiction over Tianma Microelectronics.

### D.   Subjecting Tianma Microelectronics to This Court's Jurisdiction Would Offend Traditional Notions of Fair Play and Substantial Justice.

The third prong of the three-prong test applies only sparingly. *Nuance*, 626 F.3d at 1231. Where, as here, the first two prongs of the personal jurisdiction test fail, the third prong is moot, and the Court "need not determine and the Court should find no specific jurisdiction. *See, e.g.*, *Trioptima AB v. Quantile Tech. Ltd.*, No. 2:19-cv-00390-JRG, Dkt. No. 149, *12 (Nov. 25,

2020) (citing *Asahi*, 480 U.S. at 113). Exercising personal jurisdiction notwithstanding the failure to establish the first two prongs would offend traditional notice of fair play and substantial justice as shown using the five factors set forth in *Burger King*.

First, the burden on Tianma Microelectronics is great. Tianma Microelectronics is a Chinese corporation selling (via Chinese subsidiaries) the Accused Products in China to other Asian companies. Forcing it to travel to this district for hearings, or to the United States or elsewhere outside China for depositions,[11] or to subject itself in general a foreign nation's judicial system to which it has no connection, would impose a substantial burden on Tianma Microelectronics.

Second, Texas has minimal interest in adjudicating this dispute, since JDI is a Japanese corporation, not a Texas corporation, and has not shown any actual instance of alleged infringement in this district. Therefore, there is no compelling local interest that would outweigh the substantial burden on Tianma Microelectronics. This is a far cry from the situation in *Beverly Hills* or *AGIS*. In *Beverly Hills*, the Chinese defendant engaged in prior business dealings with a domestic plaintiff with substantial connections to the forum. In *AGIS*, the plaintiff was based in Marshall, Texas, giving it a "strong interest in having its injuries remedied in its home state." *AGIS*, at *10. Neither applies here.

Third, while JDI may have an abstract interest in obtaining convenient and effective relief, Texas hardly appears convenient to it either, given that it is a Japanese corporation with no apparent business presence in Texas. The relief JDI seeks appears ineffective given that it has shown no infringing acts, nor will it be able to, since Tianma Microelectronics performs no actions in Texas that could, much less do, infringe.

---

[11] Conducting depositions in the People's Republic of China is illegal.

**DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS** – Page 20

The fourth and fifth factors appear neutral given that the state of Texas probably has as much interest (i.e., a minimal interest at best) in resolving the dispute as any other district in the country.

While video technology has become common in the Covid-era, the burden of 12-hour time difference or the complications of international travel and attendant quarantine cannot be understated. It is a significant burden to Tianma Microelectronics to engage in a patent dispute in a forum half a world away, in a language it does not speak, in a place where it does not sell the Accused Products. This burden is not outweighed by the interests of this district; therefore, exercise of jurisdiction here would offend the traditional notions of fair play and substantial justice.

The Supreme Court's decision in *Asahi*, a product liability case, is instructive. 480 U.S. 102. There, defendant Asahi manufactured tire valve assemblies (the product at issue) in Japan and sold *hundreds of thousands* of assemblies to Cheng Shin in Taiwan. *Id.* at 105-06. Cheng Shin incorporated the valve assemblies into its tire tubes and sold them throughout the U.S., including California, *of which Asahi was aware*. *Id.* Although the justices disagreed on whether there were minimum contacts required for specific jurisdiction, eight justices agreed that exercising jurisdiction over Asahi would offend the traditional notions of fair play and substantial justice, citing the "unique burdens" on Asahi to have to defend itself in a foreign country vis-à-vis the stretch of the long arm of personal jurisdiction over national borders. *Id.* at 114. In this case, the connections of Tianma Microelectronics to the State of Texas are much more attenuated: Tianma Microelectronics does not sell the Accused Products in the U.S. or Texas, has no actual knowledge of who may bring downstream products containing the Accused

Products into the U.S. or Texas, and is not aware of any actual sales of the Accused Products in Texas. *See* Zhang Decl. ¶¶ 21, 29-30. Indeed, JDI has presented no evidence of actual sales.

## VI.     RULE 4(K)(2) DOES NOT ESTABLISH JURISDICTION

As a catch-all, JDI asserts that this Court has personal jurisdiction over Tianma Microelectronics under Federal Rule of Civil Procedure 4(k)(2). Compl. ¶ 20. An analysis under Rule 4(k)(2) begins with the question of whether the defendant concedes that it is subject to jurisdiction in *any* state's district courts of general jurisdiction; if it does not, then the court should analyze whether "asserting jurisdiction is consistent with the United States Constitution and laws." Rule 4(k)(2); *see also Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1414 (Fed. Cir. 2009).

Tianma Microelectronics does not concede that it is subject to any state's courts of general jurisdiction as it is a foreign company with no relevant contacts to the United States. Therefore, the Rule 4(k)(2) analysis reduces to the same analysis based on the constitutional principles addressed above. And for all the same reasons stated above, no jurisdiction may be found under Rule 4(k)(2). JDI makes the bare allegation that "exercising jurisdiction over Tianma [Microelectronics, subject to Rule 4(k)(2)] is consistent with the U.S. Constitution." Compl. ¶ 20. JDI's complaint contains no allegation regarding Tianma Microelectronics's expectation of the eventual location where its products might be purchased. *At most*, JDI's complaint makes a *prima facie* case that third parties may have sold downstream products in Texas, but even that allegation is questionable given the unavailability of the products on Best Buy's current webpages and the lack of any sales receipt showing a single actual sale in Texas. As the Federal Circuit explained, "Rule 4(k)(2) was adopted to ensure that federal claims will have a U.S. forum *if sufficient national contacts exist*." *Touchcom*, 574 F.3d at 1414 (emphasis

added). Tianma Microelectronics does not have sufficient national contacts to support jurisdiction under Rule 4(k)(2). *See* Zhang Decl. ¶¶ 7-9.

## VII.    CONCLUSION

JDI has failed to establish a *prima facie* case of personal jurisdiction over Defendant Tianma Microelectronics. Tianma Microelectronics and its subsidiary Tianma America are two separate legal entities. The Accused Products are only sold by Tianma Microelectronics and only sold in Asia. Tianma America does not sell the Accused Products.

JDI purposefully obscures the line of corporate and business separation in an attempt to rely on Tianma America's contacts and activities to establish jurisdiction over Tianma Microelectronics. There is no factual or legal support for doing so. Under the circumstances, exercising jurisdiction over Tianma Microelectronics would offend due process and violate the U.S. Constitution. Tianma Microelectronics's motion to dismiss Plaintiffs' Complaint for lack of personal jurisdiction should be granted.


Dated: December 21, 2020                 Respectfully submitted,

                                         By:  /s/ *Qingyu Yin*
                                         James R. Barney (pro hac vice)
                                         james.barney@finnegan.com
                                         Qingyu Yin (pro hac vice)
                                         qingyu.yin@finnegan.com
                                         Aidan C. Skoyles (pro hac vice)
                                         aidan.skoyles@finnegan.com
                                         FINNEGAN LLP
                                         901 New York Avenue N.W.
                                         Washington, DC 20001
                                         Telephone: 202-408-4000
                                         Facsimile: 202-408-4400

                                         Eric H. Findlay
                                         State Bar No. 00789886
                                         Brian Craft
                                         State Bar No. 04972020

FINDLAY CRAFT, P.C.
102 N. College Ave., Ste. 900
Tyler, TX 75702
(903) 534-1100 Telephone
(903) 534-1137 Facsimile
efindlay@findlaycraft.com
bcraft@findlaycraft.com

*Attorneys for Defendant*
*Tianma Microelectronics, Co. Ltd.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 21, 2020, a true and correct copy of the above document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A).

*/s/ Catherine Sadler*
CATHERINE SADLER