# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **JAPAN DISPLAY INC. [and PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD.],** | § § § | |
| | § | **C.A. NO. 2:20-cv-00283-JRG** |
| **Plaintiffs,** | § | **C.A. NO. 2:20-cv-00284-JRG** |
| | § | **C.A. NO. 2:20-cv-00285-JRG** |
| **v.** | § | |
| | § | |
| **TIANMA MICROELECTRONICS CO. LTD.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFFS' MOTION TO COMPEL INVALIDITY CONTENTIONS AND ACCOMPANYING TECHNICAL AND SALES INFORMATION, AND TO <u>STRIKE DEFENDANT'S DEFICIENT ELIGIBILITY CONTENTIONS</u>**

US 7881613

For the reasons discussed herein, plaintiffs Japan Display, Inc. and Panasonic Liquid Crystal Display Co., Ltd. (collectively, "Plaintiffs") respectfully request the Court to compel defendant Tianma Microelectronics Co. Ltd. ("Tianma") to (1) produce the technical documents for all Accused Products required under P.R. 3-4; (2) provide Invalidity Contentions comporting with the requirements of P.R. 3-3; and (3) produce worldwide sales data for all Accused Products. Plaintiffs also respectfully request the Court to strike Tianma's deficient Eligibility Contentions.

## I.   TIANMA'S DOCUMENT PRODUCTION AND INVALIDITY CONTENTIONS ARE DEFICIENT UNDER THE LOCAL RULES.

Compliance with P.R. 3-3 and 3-4 enables parties to engage in meaningful discovery, identify disputes for claim construction, and ultimately streamline the case in preparation of trial. The rules are meant to provide Plaintiffs with early discovery of technical documents to confirm and develop their infringement theories and to give fair notice of Tianma's invalidity theories. Tianma's document production and Invalidity Contentions fail to achieve these goals.

### A.   Tianma Improperly Limits Its Technical Production to the Representative Products.

"This District's P.R. 3-4(a) requires the alleged infringer to produce any and all documents describing the operation of any aspects or elements of an accused instrumentality." *Edward D. Ioli Tr. v. Avigilon Corp.*, No. 2:10-CV-605-JRG, 2012 WL 5830711, at *3 (E.D. Tex. Nov. 16, 2012). Tianma acknowledges that Plaintiffs have identified 2,436 Accused Products, but has only produced or made available "GDS layout files and design review files" for seven of the eight **representative products** charted in Plaintiffs' P.R. 3-1 Preliminary Infringement Contentions served on January 6, 2021 ("PICs").[1]  Shallman Decl., Ex. 2 ("Ex. 2") at 2-3.

---

[1] "GDS layout files" are treated as Source Code Materials under the Protective Order entered in this case.  Plaintiffs point out that Tianma has only "made available" Source Code Materials on a remote review platform that unreasonably hinders Plaintiffs' ability to collaboratively review the materials in real time, counter to the requirements of the Protective Order.

Tianma's counsel admits that the other Accused Products are relevant, but argues that "[Plaintiffs have] failed to show that [their] demand for more document production on these products is necessary and proportional to the needs of the case" because Plaintiffs have not yet reviewed the seven GDS files for the representative products. *Id.* at 3.  Tianma's obligations under P.R. 3-4(a) to produce technical documents on the Accused Products, however, are not obviated by its opinions of Plaintiffs' review.  Moreover, as the PICs demonstrate, Plaintiffs have already thoroughly evaluated the representative products.  *See* Dkt. No. 42-29 at 5.  A review of those GDS files is not as critical as reviewing GDS files for the remaining Accused Products, which will allow Plaintiffs to confirm their representative product theories (which Tianma is disputing) and gather evidence necessary to meet Plaintiffs' burden of proof on infringement.  Plaintiffs have performed a comprehensive representative analysis demonstrating it is likely that other Tianma products infringe in substantially the same way, and further information about Accused Products is not reasonably publicly available.  *See id.* at 4-10.  This Court has allowed plaintiffs to proceed on a representative product theory under these circumstances.  *See, e.g.*, *Honeywell Int'l Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 656-58 (E.D. Tex. 2009).  Tianma could potentially avoid production of this information by stipulating to Plaintiffs' representative products analysis. Instead, Tianma disagrees with Plaintiffs' representative products analysis and at the same time refuses to provide the technical documents that would allow Plaintiffs to prove their case.

Tianma claims it is "working to evaluate production of the GDS files for the remaining 2,400+ accused products . . . or a reasonable subset thereof," Ex. 2 at 3, but Tianma has been on notice of these products since January 6, 2021, and was required to produce these technical documents by March 3, 2021.  Given that claim construction is quickly approaching, Plaintiffs cannot tolerate additional delay, and respectfully request the Court to order Tianma to produce

technical documents (including GDS files) for all Accused Products.

**B. Tianma Fails to Properly Identify Prior Art Devices Under P.R. 3-3(a).**

With respect to identification of prior art devices, P.R. 3-3(a) requires Tianma to specify:

> [T]he item offered for sale or publicly used or the information known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.

Tianma's Invalidity Contentions only provide naked lists of hundreds of model numbers as alleged prior art devices, without any additional identifying information. *See, e.g.*, Shallman Decl., Ex. 1 ("Ex. 1") at 1; Shallman Decl. ¶ 4. The majority of the models (230 of the 386) begin with prefixes commonly associated with Tianma's products (*e.g.*, TL, TM, and NL). Shallman Decl. ¶ 4. Tianma later provided an appendix identifying purported dates of first sale, offer for sale, or public use for the 386 alleged prior art products, and produced as support printouts (each dated March 25, 2021) from a website called "Panelook.com" for each of the alleged prior art devices, including for Tianma's own products. *Id.* ¶¶ 5-7. "Panelook.com" does not appear to be officially associated with Tianma or any LCD manufacturer, but is a crowd-sourced aggregator of third-party information collected without any official accuracy or quality control. *Id.* ¶ 8.

Plaintiffs recognize that Tianma may need non-party discovery to fully prove up its claimed prior art, but Tianma has not pursued any non-party discovery before March 3, 2021 or since. Moreover, Tianma does not need non-party discovery for the 230 alleged prior art devices that are **Tianma's own products**, yet Tianma has refused to produce any information **from its own files** to support its theories. It appears Tianma simply data mined a third-party website of unknown accuracy and exported the results with no additional analysis of any kind—even for its own products. The Court should order Tianma to properly identify the alleged prior art products under P.R. 3-3(a)—especially Tianma's own products, for which it must have accurate internal data.

US 7881613

### C.  Tianma Failed to Comply with P.R. 3-3(c).

P.R. 3-3(c) requires "[a] chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found . . . ."  Despite listing 386 unique alleged prior art devices, 230 of which are Tianma's own products, the Invalidity Contentions do not include a single invalidity claim chart for a prior art device or describe how the alleged prior art devices are applicable to the Asserted Patents.

### 1.  An Accused Product Under a Representative Products Theory Does Not Become Admitted Prior Art If Sold Before the Priority Date of an Asserted Patent.

Tianma claims that no claim charts are necessary for alleged prior art products currently identified as Accused Products, "because [Plaintiffs'] own infringement contentions serve as notice of the basis of invalidity." Ex. 2 at 2.  This argument fails for two reasons.  First, Tianma's argument is inexcusably circular—Tianma cannot **reject** Plaintiffs' representative products theory of infringement and **withhold** technical discovery on that basis, then **assert** invalidity claims for those same products on the basis they are covered by Plaintiffs' representative analysis.  This wholly deprives Plaintiffs of necessary technical discovery.

Second, Plaintiffs have been clear that they only accuse products sold since August 31, 2014.  The lists of Accused Products were generated from publicly available information and are by nature overinclusive due to P.R. 3-1's stringent requirements.  Tianma's refusal to produce sales data from which Plaintiffs can ascertain when Accused Products were sold prevents Plaintiffs from narrowing the case, and enables Tianma's pretext that Plaintiffs have admitted invalidity. Plaintiffs are prepared to drop any Accused Products not sold after August 31, 2014, as soon as Tianma provides this discovery, as stated in their PICs in January.  *See* Dkt. No. 42-29 at 7.

### 2.  Plaintiffs' Representative Product Categories Do Not Necessarily Extend to Other Manufacturers Products.

Tianma claims that it need not chart alleged prior art products that are not Accused Products

US 7881613

because they "are within the categories that [Plaintffs] defined as infringing products in [their] infringement contentions for the appendices of accused Tianma . . . products." Ex. 2 at 2.  But Tianma has not described how, if at all, those products fit in the categories defined in the PICs.

The PICs identified representative categories based on infringing features shared by the charted Representative Products revealed by Plaintiffs' tear down and reverse engineering efforts of Tianma's products.  *See* Dkt. No. 42-29 at 5-8.  Indeed, Plaintiffs provided nearly 90 pages of technical explanation describing the shared features and explaining why Plaintiffs therefore considered the charted products representative.  Shallman Decl. ¶ 9.  For example, while there may be a number of ways for a product to implement LTPS IPS technology,[2] Plaintiffs have shown that **Tianma's products** implement it in a way that infringes the Asserted Patents.  In contrast, Tianma simply listed more than 150 third party products, but failed to explain in which category those products supposedly belong or provide any analysis whatever showing that those products implement **any** feature of **any** Asserted Claim.  This categorical identification, without more, does not provide Plaintiffs with fair notice of Tianma's theories and does not satisfy P.R. 3-3(c).

For these reasons, Plaintiffs respectfully request that the Court order Tianma to provide claim charts for its alleged prior art products as required under P.R. 3-3(c) or, in the alternative, strike Tianma's identification of all uncharted prior art products from the Invalidity Contentions.

## II.  TIANMA REFUSES TO PRODUCE WORLDWIDE SALES DATA.

To date, Tianma has produced no comprehensive sales data at all for any Accused Products. Shallman Dec. ¶ 10.  Indeed, Tianma "disputes that [Plaintiffs have] any need for worldwide sales data." Ex. 2 at 3.  But worldwide sales data is relevant to many issues in the case.  *See, e.g.*, *EVS Codec Techs., LLC v. OnePlus Tech. (Shenzhen) Co.*, No. 2:19-CV-00057-JRG, 2020 WL

---

[2] Plaintiffs use LTPS IPS as an example, but this analysis also applies to the other categories broadly at issue in the case:  LTPS non-IPS, a-Si IPS, and a-Si non-IPS.

6365514, at *2 (E.D. Tex. Apr. 9, 2020) ("[F]or discovery purposes, worldwide sales information is relevant to both reasonable royalty calculations and commercial success.");  *Apeldyn Corp. v. AU Optonics Corp.*, No. CV 08-568-SLR, 2010 WL 11470585, *1 (D. Del. Apr. 12, 2010) (Worldwide sales data "is relevant to (i) inducement infringement liability; (ii) determining direct infringers; (iii) commercial success; and (iv) a reasonable royalty determination.").

Not only is this sales information relevant, but its early production would streamline discovery, narrow contested issues, and aid the efficient resolution of the case.  As described in Section I.C.1 above, Plaintiffs expressly await this discovery in order to narrow the scope of Accused Products.  Accordingly, Plaintiffs respectfully request the Court to order Tianma to produce worldwide sales information for the Accused Products.

## III. TIANMA'S ELIGIBILITY CONTENTIONS ARE DEFICIENT UNDER THIS COURT'S STANDING ORDER.

This Court's July 25, 2019 standing order regarding subject matter eligibility contentions ("Standing Order") requires Tianma to provide the "factual and legal basis" for each identified "exception to eligibility" and to include a chart with "[a] description of how each element of each Challenged Claim, both individually and in combination with the other elements of that claim, was:  (i) well understood; (ii) routine; and (iii) conventional, in the relevant industry at the relevant time, and the legal and factual basis therefor."

Instead, for each of the fifteen Asserted Patents, Tianma simply states:

> Abstract idea: In-plane switching. In their preliminary infringement contentions, Plaintiffs broadly interpret these claims, including in their contentions regarding representative accused products, as generally covering the abstract concept of in-plane switching. The claims merely recite well understood, routine, and conventional elements used for in-plane switching, and do not recite any meaningful technological improvement over the existing prior literature on in-plane switching.

*See, e.g.,* Ex. 1 at 1.  Tianma states that "each element of each Challenged Claim, both individually

6

and in combination with the other elements of that claim, [was] well understood, routine, and conventional in the thin-film transistor liquid crystal display industry at the relevant time," and identifies the its invalidity claim charts as its basis for that argument.  *Id.*

These boiler-plate recitations do not provide any factual basis or description identifying how Tianma contends that "in-plane switching" is an abstract idea.  Tianma's invalidity charts are devoid of any description or discussion of whether any element, alone or in combination, was well understood, routine, or conventional in the industry at the relevant time, and "[t]he mere fact that something is disclosed in a piece of prior art . . . does not mean it was well-understood, routine, and conventional."  *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369 (Fed. Cir. 2018).

Tianma justifies this failure by claiming that its Eligibility Contentions "rely on [Plaintiffs'] overbroad theory of representative products because that theory presupposes that the asserted patents preempt the entire field of in-plane switching."  Ex. 2 at 2.  Not only is this statement incorrect (Plaintiffs have accused both IPS and non-IPS products) and a gross simplification  and mischaracterization of Plaintiffs' representative theories (see Section I.C.2 above), it is fundamentally flawed with regard to the law:  whether certain of **Tianma's products** are representative of others sheds no light on whether the **Asserted Claims** are directed to ineligible subject matter.  If Tianma contends that the Asserted Claims are directed to the "abstract idea" of "in-plane switching," it must describe its basis for that belief and provide the charts required by the Standing Order.  Tianma has not shown (and cannot show) that any of the Asserted Patents claim patent-ineligible subject matter, and Plaintiffs respectfully request that the Court strike the Eligibility Contentions.

*      *      *      *

For the foregoing reasons, Plaintiffs respectfully request the Court grant this motion.

US 7881613

Dated: April 1, 2021

Respectfully submitted,

*/s/ Eric J. Klein*
Eric J. Klein
*Lead Attorney*
Texas State Bar No. 24041258
Jeffrey R. Swigart
Texas Bar No. 24102553
**VINSON & ELKINS L.L.P.**
2001 Ross Avenue, Suite 3900
Dallas, TX  75201
Telephone:  (210) 220-7700
Facsimile:  (210) 220-7716
Email:  eklein@velaw.com
Email:  jswigart@velaw.com

Hilary L. Preston
Texas State Bar No. 24062946
Jeffrey T. Han
Texas State Bar No. 24069870
Erik Shallman
Texas State Bar No. 24113474
Matthew J. Melancon
Texas State Bar No. 24109544
**VINSON & ELKINS L.L.P.**
2801 Via Fortuna, Suite 100
Austin, TX  78746
Telephone:  (512) 542-8400
Facsimile:  (512) 542-8612
Email:  hpreston@velaw.com
Email:  jhan@velaw.com
Email:  eshallman@velaw.com
Email:  mmelancon@velaw.com

Abigail Lubow
California State Bar No. 314396
**VINSON & ELKINS L.L.P.**
555 Mission Street, Suite 2000
San Francisco, CA  94105
Telephone:  (415) 979-6963
Facsimile:  (415) 358-5770
Email:  alubow@velaw.com

8

**COUNSEL FOR PLAINTIFFS JAPAN DISPLAY INC. and PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2021, a true and correct copy of the foregoing document was electronically filed in compliance with Local Rule CV-5(a) and was served on all counsel who are deemed to have consented to electronic service, per Local Rule CV-5(a)(3)..

*/s/ Erik Shallman*
Erik Shallman

## CERTIFICATE OF CONFERENCE

This is to certify that counsel have complied with the meet and confer requirement in Local Rule CV-7(h) and that this motion is opposed.  Pursuant to Section 9 of the Discovery Order entered in this case, on March 19, 2021, Plaintiffs sent Tianma a letter identifying the deficiencies discussed herein.  Tianma sent a responsive letter on March 26, 2021 purporting to address the deficiencies, and the parties conferred by telephone on March 30, 2021 between lead, local, and other counsel for Tianma (James Barney, Brian Craft, and Aidan Skoyles) and lead and other counsel for Plaintiffs (Eric Klein, Erik Shallman, and Corbin Cessna), but no agreement could be reached because the parties fundamentally disagree as to the sufficiency of Tianma's disclosures and production.  Discussions have conclusively ended in an impasse, leaving open issues for the court to resolve.

*/s/ Eric J. Klein*
Eric J. Klein

9

US 7881613