# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JAPAN DISPLAY INC. [and PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD.], <br><br> Plaintiffs, <br><br> v. <br><br> TIANMA MICROELECTRONICS CO. LTD., <br><br> Defendant. | CIVIL ACTION NO. 2:20-cv-00283-JRG <br> CIVIL ACTION NO. 2:20-cv-00284-JRG <br> CIVIL ACTION NO. 2:20-cv-00285-JRG <br><br> JURY TRIAL DEMANDED |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL INVALIDITY CONTENTIONS AND ACCOMPANYING TECHNICAL AND SALES INFORMATION, AND TO STRIKE DEFENDANT'S ELIGIBILITY CONTENTIONS**

Defendant Tianma Microelectronics Co. Ltd. ("Tianma Microelectronics") hereby responds to Plaintiffs' Motion to Compel Invalidity Contentions and Accompanying Technical and Sales Information, and to Strike Defendants' Deficient Eligibility Contentions. Dkt. No. 47. As discussed below, and as repeatedly explained to Plaintiff during the meet-and-confer process, Defendant has been diligently collecting the technical information JDI requests and should be able to produce the information soon. Defendant also agrees to produce the worldwide sales information and invalidity contention supplements that JDI seeks. Therefore, Defendant believes most of the issues raised in the Motion are moot. The remaining parts of JDI's motion should be denied as improper.

## I.   JDI's Request for Sales Data and Technical Information of 2400+ Accused Products

JDI asks the Court to compel production of sales and technical information for the Accused Products. Tianma Microelectronics submits that it has been working on collecting the worldwide sales data for the 2,400+ Accused Products. It has been a significant endeavor because of the sheer number of products JDI has accused. As of this response, the collection and verification of the sales data are near completion, and Tianma Microelectronics expects to produce, by April 23, 2021, if not earlier, sales information of not only those products sold by Tianma Microelectronics, but also those products by its Chinese operating subsidiaries.[1]

---

[1] The production of sales data from the Chinese subsidiaries is only meant to demonstrate that the vast majority of the 2400+ accused products have nothing to do with the U.S. It is not an admission that such subsidiaries are parties to this case, or that their sales should be imputed to defendant Tianma Microelectronics.

**DEFENDANT'S RESPONSE TO MOTION TO COMPEL** - Page 1

In addition, for those products that were either shipped to or invoiced to a United States address[2], Tianma Microelectronics is collecting and will be producing the requested technical documentation by May 15, 2021.

The production of worldwide sales data and technical information as outlined above should moot JDI's requests under §§ I.A and II of its motion.[3] Discovery does not close until September 13, 2021. Defendant's proposed schedule above for the production of sales data and technical documentation allows JDI more than enough time to review the production, develop its positions, and decide how to narrow the scope of these cases. If, after reviewing the production, JDI believes it to be insufficient, Defendant will work with JDI to resolve any remaining issues.

## II.    Prior Art Devices Under P.R. 3-3(a)

JDI moves to compel Tianma Microelectronics to supplement its invalidity contentions to provide claim charts for prior art products under P.R. 3-3(c), arguing that Tianma should not be allowed to rely on JDI's own allegations. Mot. at 4.

As background, in its Preliminary Infringement Contentions, JDI accused nearly all of Tianma Microelectronics's LCD panels products it could find on the Internet, over 2,400 products. Aside from a handful of the so-called "representative" products, JDI apparently made little effort to investigate the actual technical implementations and seems to have neglected to check whether the accused products actually pre-dated the patents.

---

[2] JDI also envisioned a similar scope of the case, stating in its Infringement Contentions that it "intend[s] . . . to remove products that are shown through discovery not to have been made, used, offered for sale, sold, and/or imported in or into the United States since August 31, 2014." Ex. 1, Infr. Contentions at 7-8.

[3] Defendant notes that at the meet-and-confer telephone conference of March 30, 2021, JDI's counsel stated that JDI needed the sales information so that it could learn the identity of Tianma's customers to determine whether to sue them. This Court's Protective Order strictly prohibits use of confidential information for any purpose other than for these cases. *See* Protective Order, Dkt. No. 36, at ¶ 7.

**DEFENDANT'S RESPONSE TO MOTION TO COMPEL - Page 2**

On March 3, in the preliminary invalidity contentions, Defendant pointed out that JDI's accusation of infringement by several hundred products that predated the asserted patents meant that the relevant patents must be invalid. Ex. 2. Now, JDI tries to wiggle out of its predicament, arguing that its infringement case was only placed under a "representative products theory," that Tianma Microelectronics cannot argue non-infringement and invalidity at the same time, and that Plaintiffs needed "necessary technical discovery" before confirming their infringement positions. Mot. at 4. But these arguments have very little to do with the invalidity contentions.

Rather, the question here is simply whether a product accused of infringement was first sold before the asserted patent(s). Information about the dates of first sales can be determined from public sources. JDI admits that the "[t]he lists of Accused products were generated from publicly available information." *Id.* That same public source presumably had the sales dates as well. To be certain, the dates of prior sales Defendant relied on are readily available at https://www.panelook.com/, a public website from which JDI possibly had assembled the lists of Accused Products.

Regardless, Tianma Microelectronics will provide the requested claim charts and technical documents but requests that the Court permit it to do so by May 7, 2021, i.e., two more weeks of time than that suggested by JDI in its Proposed Order. In light of Tianma Microelectronics's commitment, this issue is also moot.

### III. Eligibility Contentions

JDI's concerns with Tianma Microelectronics's ineligibility contentions under 35 U.S.C. § 101 read like a motion for summary judgment of patent eligibility. JDI provides no support for its argument that Tianma Microelectronics's contention should be stricken and as such its motion should be denied.

Any complaints JDI has regarding the specificity in Tianma Microelectronics's eligibility contentions are a function of JDI's own generic infringement contentions. For example, JDI contends that "LTPS IPS" products (i.e., the products in Appendix 2 of its infringement contentions) infringe 14 of the 15 patents at issue. *See, e.g.,* Infr. Contentions, Dkt. No. 42-29 at 6 ("Appendix 2 provides a list of all such LTPS IPS Products currently known to Plaintiffs."). And, JDI contends that "a-Si IPS" products (i.e., the products in Appendix 4 of its infringement contention) infringe the remaining 1 of the 15 patents at issue. *See, e.g., id.* at 6 ("Appendix 4 provides a list of all such a-Si IPS Products currently known to Plaintiffs."). JDI provides no additional context for its broad allegations. The only apparent common thread in these products is that they are "IPS" products. JDI contends, in essence, that IPS (in-plane switching) products, without more, infringe and as such attempts to pre-empt the entire field of in-plane switching.

Regarding demonstration that the elements of the claims are well understood, routine, and conventional, Tianma Microelectronics's invalidity claim charts provide that demonstration. The charts identify where in the prior art and when all of the limitations were known prior to the asserted patents. JDI identifies no basis on which to strike Defendant's preliminary invalidity contentions, and this part of its motion should be denied on that basis alone.

### IV.   Conclusion

For the above reasons, JDI's motion to compel should be denied.

Dated: April 15, 2021

Respectfully submitted,

By: */s/ Aidan C. Skoyles*
James R. Barney (pro hac vice)
james.barney@finnegan.com
Qingyu Yin (pro hac vice)
qingyu.yin@finnegan.com
Aidan C. Skoyles (pro hac vice)
aidan.skoyles@finnegan.com

**DEFENDANT'S RESPONSE TO MOTION TO COMPEL - Page 4**

FINNEGAN LLP
901 New York Avenue N.W.
Washington, DC 20001
Telephone: 202-408-4000
Facsimile: 202-408-4400

Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave., Ste. 900
Tyler, TX 75702
(903) 534-1100 Telephone
(903) 534-1137 Facsimile
efindlay@findlaycraft.com
bcraft@findlaycraft.com

*Attorneys for Defendant
Tianma Microelectronics, Co. Ltd.*

**DEFENDANT'S RESPONSE TO MOTION TO COMPEL - Page 5**

## CERTIFICATE OF SERVICE

      The undersigned certifies that on April 15, 2021, a true and correct copy of the above document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A).

                                             */s/ Catherine Sadler*
                                             CATHERINE SADLER