IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JAPAN DISPLAY INC. and PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> TIANMA MICROELECTRONICS CO. LTD., <br><br> Defendant. | CIVIL ACTION NO. 2:20-cv-00283-JRG (Lead Case) <br> CIVIL ACTION NO. 2:20-cv-00284-JRG <br> CIVIL ACTION NO. 2:20-cv-00285-JRG (Consolidated) <br> JURY TRIAL DEMANDED |

**DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO PRODUCE RELEVANT INFORMATION IN PLAINTIFFS' SOLE POSSESSION**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant Tianma Microelectronics Co. Ltd. ("Tianma Microelectronics") moves to compel Plaintiffs Japan Display Inc. ("JDI") and Panasonic Liquid Crystal Display Co., Ltd. ("Panasonic") (collectively, "Plaintiffs") to: (i) produce information and documents relating to Plaintiffs' products made, offered for sale, or sold before the application dates of the asserted patents; and (ii) produce technical and financial information and documents relating to Plaintiffs' reasonable-royalty damages contentions.

**I.    FACTS**

Plaintiffs sued Tianma Microelectronics in August 2020[1], asserting infringement of fifteen patents relating to liquid crystal displays. In the Complaints, Plaintiffs identified five

---

[1] The three originally filed actions were: *Japan Display Inc. and Panasonic Liquid Crystal Display Co., Ltd. v. Tianma Microelectronics Co. Ltd.*, Civil Action No. 2-20-cv-00283, *Japan Display Inc. v. Tianma Microelectronics Co. Ltd.*, Civil Action No 2-20-cv-00284, *Japan Display Inc. v. Tianma Microelectronics Co. Ltd.*, Civil Action No. 2-20-cv-00285, which have been consolidated.

infringing products[2]. On January 6, 2021, Plaintiffs served their Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions"), accusing 2,400+ additional products of infringing 135 claims from the fifteen patents. Plaintiffs' Infringement Contentions analyzed eight products in detail, alleged that they are "Representative," and argued that thousands more products infringe merely because they met a simple product category definition, for example that they were "LTPS" products. On March 3, 2021, Defendant served its Preliminary Invalidity Contentions ("Invalidity Contentions"), identifying, as examples, ten JDI products, one Panasonic product, 16 Sony products, and 125 Toshiba[3] products that are believed to be prior art because they were sold prior to the priority dates of certain asserted patents and because, according to public sources, they satisfy the same broad category definitions provided in Plaintiff's Infringement Contentions, for example that they are "LTPS" products. The identification of potential prior art products is likely incomplete however, because the full spectrum of Plaintiffs' products is not publicly available. That is, Plaintiffs have likely sold *other* products within those broad categories which constitute relevant prior art to the asserted patents.

On March 17, 2021, Defendant served on Plaintiffs a set of interrogatories and a letter identifying categories of relevant documents for production ("RFPs") (collectively, "Discovery Requests") which included requests for other potential prior art products (*see, e.g.*, RFP Nos. 30 and 32), and further requested information on Plaintiffs' damages theories (*see, e.g.*, RFP Nos. 21, 22, and 28).

Plaintiffs' damages theories have recently shifted significantly. In response to Defendant's Discovery Requests, Plaintiffs indicated they were pursuing a lost profits damages

---

[2] Plaintiffs also identified an LCD panel with number NL1294A5ANA0125439391221, but Tianma Microelectronics has no product with such an identifier.
[3] JDI was formed from the LCD subsidiaries of Hitachi, Sony, and Toshiba.

theory, among others. Yet, Plaintiffs produced no documents supporting that theory as required by the Additional Disclosures (Dkt. No. 33 at 3-4), and when pressed to produce such documents, Plaintiffs have now conceded that they are not in fact pursuing a lost profits damages theory. Plaintiffs have maintained their reasonable royalty theory though, so Defendant remains entitled to discovery of technical, marketing, and financial information relating to Plaintiffs' products that practice the asserted patents and those that do not, which are relevant to the issue of a reasonable royalty as further described below.

Indeed, Plaintiffs have so far produced just over 200 documents, including only four documents from Panasonic. Plaintiffs have produced no documents on potential prior art products and no documents on products that practice their own patents as relevant to their damages theories. On May 14, 2021, Defendant sent a letter identifying deficiencies in Plaintiffs' document production and requested prompt supplementation. *See* Ex. 1. After additional requests, Plaintiffs have still failed to produce any documents in the above categories, and have agreed, without identifying a date certain, to only produce technical documents on ten of those prior art products specifically identified in the Invalidity Contentions (*see* Ex. 2).

Plaintiffs' continued failure and refusal to produce relevant documents in its possession are prejudicial to Tianma Microelectronics, hindering its ability to develop its defenses and counterclaims.

## II.   ARGUMENT—JDI and Panasonic Have Failed to Produce Relevant Documents

In their April 16, 2021, Objections and Responses, Plaintiffs repeated boilerplate responses to every document production request stating that they would produce relevant documents—but, by May 14, 2021, Plaintiffs had produced only 134 documents. Despite repeated requests, Plaintiffs have either refused to produce, or failed to provide a date certain for production of the below categories of documents—documents that are solely in Plaintiffs'

possession. Plaintiffs should be compelled to produce such documents promptly as described below.

### A. Plaintiffs Failed to Provide Information and Documents Relating to Plaintiffs' Own Prior Use Products

On March 3, Tianma Microelectronics identified 152 exemplary prior art products sold by Plaintiffs or their predecessors, including ten from JDI and one from Panasonic,[4] that are believed to practice one or more of the fifteen asserted patents. As of June 3, Plaintiffs have failed to provide any documents on these products or any others. They refuse to provide a date certain for production on even the ten identified JDI products (*see* Ex. 2) and refuse outright to produce technical documents on products similar to the identified products. Tianma Microelectronics is entitled to discovery relating to all Plaintiffs' prior art products, which necessarily include those that are similar to the identified products. The requested information is relevant and necessary for Tianma Microelectronics to develop its defenses and/or counterclaims. No alternative means exist for Defendant to obtain such information because it is in Plaintiffs' sole possession, and accordingly Plaintiffs should be compelled to produce it.

### B. Plaintiffs Failed and Refuse to Provide Information and Documents Relating to Plaintiffs' Reasonable Royalty Contentions

Tianma Microelectronics has sought information relevant to Plaintiffs' claims for damages, including lost profits and reasonable royalties, and "all factual, legal, and evidentiary bases for such contention and a detailed description of how such damages have been calculated." *See* RFP No. 22, ROG No. 15. The requests further seek related financial and marketing documents, including:

---

[4] LT070ME0500B, TFTMD070021, ACX454BLN-7, LPM084A082A, LT070ME05000, TFTMD089030, LPM089A001A, LPM070W425B, LPM063Y425A, TX54D11VC0CAB, and TR-LM7WR3PS.

> 21. All documents and things that concern your contention that Plaintiffs have been damaged by any alleged infringement by Tianma Microelectronics.
>
> 22. All documents and things relating to any computation, calculation or estimation of damages, lost profits or reasonable royalties claimed or to be claimed by Plaintiffs in the above referenced cases.
>
> 28. All marketing, advertising or promotional documents and things concerning any product that Plaintiffs allege or believe embodies any claim of any Asserted Patent.

RFP Nos. 21, 22, 28. Although Plaintiffs have since dropped their lost profits theory, this does not absolve their responsibility to produce information on whether and how their own products practice the 135 asserted claims, as such information is relevant to reasonable royalty determination under the *Georgia Pacific* factors. It is black letter law that a reasonable royalty award "must be based on the incremental value that the patented invention adds to the end product." *Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014). Moreover, "[t]he economic relationship between the patented [invention] and non-infringing alternative[s] . . . would limit the hypothetical negotiation" because the difference in production costs between the infringing and non-infringing products effectively cap the reasonable royalty award. *See, e.g.*, *Riles v. Shell Exploration and Prod. Co.*, 298 F.3d 1303, 1311 (Fed. Cir. 2002). Accordingly, Defendant is entitled to (1) technical documents to determine the differences between Plaintiffs' products incorporating the claimed features of the asserted patents and those that do not; (2) marketing documents showing how Plaintiffs have marketed their products incorporating the claimed features and those that do not; and (3) financial documents showing "[t]he portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements" or the contribution of the alleged inventions based on the claimed invention's footprint in the market place. *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (listing factors relevant for reasonable royalty

determination); *see also Ericsson*, 773 F.3d 1201 at 1226 (stressing that royalty determination "must reflect the value attributable to the infringing features of the product, and no more").

Plaintiffs assert that they do not intend to rely on their own products for any purpose. But they ignore that Defendant may rely on Plaintiffs' products for the reasonable royalty analysis. Plaintiffs are obligated to produce documents responsive to Requests Nos. 21, 22, and 28.

### III. CONCLUSION

This Court's Docket Control Order requires the parties "to make good faith efforts to produce all required documents as soon as they are available." Dkt. No. 34 at 4. Plaintiffs have failed to comply with that requirement. Their failure to fulfill their discovery obligations despite repeated requests has significantly hindered Tianma Microelectronics's ability to prepare its defense.

Defendant therefore respectfully requests that the Court compel Plaintiffs to produce, by **June 18, 2021**, (i) information and documents relating to Plaintiffs' products made, offered for sale, or sold before the application dates of the asserted patents; and (ii) information and documents relating to Plaintiffs' reasonable royalty contentions.

Dated: June 3, 2021

Respectfully submitted,

By: */s/ Aidan C. Skoyles*
James R. Barney (pro hac vice)
james.barney@finnegan.com
Qingyu Yin (pro hac vice)
qingyu.yin@finnegan.com
Aidan C. Skoyles (pro hac vice)
aidan.skoyles@finnegan.com
Karthik Kumar (pro hac vice)
karthik.kumar@finnegan.com

FINNEGAN LLP
901 New York Avenue N.W.
Washington, DC 20001
Telephone: 202-408-4000
Facsimile: 202-408-4400

Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave., Ste. 900
Tyler, TX 75702
(903) 534-1100 Telephone
(903) 534-1137 Facsimile
efindlay@findlaycraft.com
bcraft@findlaycraft.com

*Attorneys for Defendant*
*Tianma Microelectronics Co. Ltd.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 3, 2021, a true and correct copy of the above document was served on all counsel of record via the Court's ECF system.

/s/ Catherine Sadler
Catherine Sadler

**CERTIFICATE OF CONFERENCE**

This is to certify that counsel have complied with the meet and confer requirement in Local Rule CV-7(h) and that this motion is opposed. Pursuant to Section 9 of the Discovery Order (Dkt. No. 33) the Court has entered, on May 14, 2021, Tianma Microelectronics sent Plaintiffs a letter identifying Plaintiffs' discovery deficiencies, including those outlined herein, followed by several follow-up requests. The parties conferred by telephone on May 19, 2021, and May 26, 2021, with the presence of lead, local, and other counsel for Plaintiffs (Eric Klein, Hilary Preston, Erik Shallman) and for Tianma Microelectronics (James Barney, Erik Findlay, Aidan Skoyles), in addition to several email correspondences on the subject. During the meet-and-confer on May 26, Plaintiffs indicated they may have additional licenses to produce, but did not intend to produce any additional documents beyond licenses. Plaintiffs sent a response letter on May 28, 2021, but did not commit to address these deficiencies by any certain date. The parties disagree as to the scope and timeline of Plaintiffs' discovery obligations and the sufficiency of Plaintiffs' disclosures and production. Discussions have conclusively ended in an impasse, leaving open issues for the Court to resolve.

/s/ Aidan C. Skoyles
Aidan C. Skoyles