# EXHIBIT 1

Eric J. Klein
May 14, 2021
Page 2

- **Technical documents regarding covered products, noninfringing alternatives, and prior use products:** Plaintiffs have failed to produce *any* of the technical design files for *any* of Plaintiffs' products, including products Plaintiffs allege are covered by any of the asserted patents ("covered products") and those that provide non-infringing alternatives. Tianma Microelectronics is entitled to discovery on all products Plaintiffs sell—past, present, and future—as they are critical to Tianma Microelectronics' ability to assess the merits of Plaintiffs' infringement and damages contentions. Plaintiffs must immediately—**and no later than May 21, 2021**—produce technical documentation, including GDS files on *all* Plaintiffs' products. Plaintiffs' failure to produce these essential technical documents is highly prejudicial to Tianma Microelectronics and will require the intervention of the Court if not immediately remedied.

  Tianma Microelectronics has also identified in its invalidity contentions certain specific JDI products that, we believe, may practice one or more of the patents and were sold before the priority dates for those asserted patents. These include at least the following JDI products:

    - LT070ME0500B
    - TFTMD070021
    - ACX454BLN-7
    - LPM084A082A
    - LT070ME05000
    - TFTMD089030
    - LPM089A001A
    - LPM070W425B
    - LPM063Y425A
    - TX54D11VC0CAB

  Plaintiffs have failed (as with all other JDI products) to produce any technical documentation on any of these products. Plaintiffs must immediately—**and no later than May 21, 2021**—produce technical documentation, including GDS files, on the prior use products listed above, as well as any other prior use products that fall within the scope of any of the asserted patents.

  Plaintiffs must immediately produce—**no later than May 21, 2021**— technical documentation, including GDS files, on all products discussed above, or else explain their unwillingness or inability to do so.

- **Documents regarding lost profits with respect to damages:** Plaintiffs have yet to produce *any* financial documents from recent years. **RFPs 21 and 22** seek documents regarding Plaintiffs' damages theories, including those regarding lost profits and reasonable royalty assessments. Plaintiffs contend that a lost-profits

Eric J. Klein
May 14, 2021
Page 3

>  analysis extends back at least six years; Tianma Microelectronics is therefore entitled to financial documents from Plaintiffs covering at least a six-year period up to the filing of the complaint—including profit-and-loss documentation for all the products Plaintiffs have made during that timeframe which fall within the scope of the asserted patents. In addition to corporate financial documents, Tianma Microelectronics is entitled to documents regarding specific damages theories Plaintiffs have asserted, including documents discussing (a) demand for the patented product, (b) evidence of the absence of an acceptable non-infringing substitute, (c) the patentee's manufacturing and marketing ability to exploit demand, and (d) the amount of profits the patentee would have made. Plaintiffs must immediately produce—**no later than May 21, 2021**—these documents, or else explain their unwillingness or inability to do so.
> 
> - **Licenses:** The Discovery Order requires production of documents relevant to Plaintiffs' claims, which includes licenses. **RFPs 33 and 34** seek the production of license agreements, or documents and things related to any license agreements, to any of the asserted patents. Plaintiffs stated in response to **RFPs 33 and 34** that they would produce these documents, which are critical to several issues including the determination of a reasonable royalty rate. Despite this, Plaintiffs have yet to produce *any* license agreements, or *any* other documents related to any license agreements. These documents are within Plaintiffs' immediate possession, custody, and control, and Plaintiffs should have produced these licenses at the outset of discovery, especially in light of the court's mandatory disclosure rules. Plaintiffs' continuing failure to produce these documents is highly prejudicial to Tianma Microelectronics. Plaintiffs must immediately produce—**no later than May 21, 2021**—these documents and explain why Plaintiffs failed to do so as required by the Discovery Order.
> 
> - **Marketing or promotional documents:** **RFP 28** seeks documents related to any marketing or promotion of any product Plaintiffs allege or believe embodies any claim of any of the asserted patents. Such documents include, for example, any studies of competing products or market analysis for the covered and/or accused products. These types of documents are relevant, at a minimum, to the lost-profits damages theories Plaintiffs contend. Plaintiffs must immediately produce—**no later than May 21, 2021**—these documents, or else explain their unwillingness or inability to do so.
> 
> - **Invention documents:** E.D. Texas Local Patent Rule 3-2(b) requires the production of "[a]ll documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P. R. 3-1(e), whichever is earlier." EDTX Patent Initial Disclosures 3-2(b). Plaintiffs have yet to produce *any* documents or materials relating to the