IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JAPAN DISPLAY INC. and PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>TIANMA MICROELECTRONICS CO. LTD.,<br><br>Defendant. | CIVIL ACTION NO. 2:20-cv-00283-JRG (LEAD CASE)<br>CIVIL ACTION NO. 2:20-cv-00284-JRG<br>CIVIL ACTION NO. 2:20-cv-00285-JRG (CONSOLIDATED)<br>JURY TRIAL DEMANDED |

**JOINT REPORT REGARDING MEET AND CONFER CONDUCTED IN ANTICIPATION OF HEARING ON DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO PRODUCE RELEVANT INFORMATION <u>IN PLAINTIFFS' SOLE POSSESSION</u>**

Pursuant to Paragraph 9(c) of the Court's February 8, 2021 Discovery Order (Dkt. No. 33), plaintiffs Japan Display Inc. and Panasonic Liquid Crystal Display Co., Ltd. (collectively, "Plaintiffs") and defendant Tianma Microelectronics Co. Ltd. ("Tianma Microelectronics") (hereinafter the "Parties") met and conferred on June 17, 2021 in an effort to resolve the dispute set forth in Defendants' June 3, 2021 Motion to Compel Plaintiffs to Produce Relevant Information in Plaintiffs' Sole Possession ("the Motion"). The parties have been unable to reach a complete resolution but submit this joint statement regarding the status of the dispute.

I.  **Defendant Tianma Microelectronics Statement**

Plaintiffs must produce discovery on whether and how their own products, including both past and present products, practice any of the asserted claims. These documents are relevant for invalidity analysis based on prior sales and/or for damages analysis.

With respect to prior sales, Defendant's invalidity contentions specifically identified, as examples, 10 JDI products, 1 Panasonic product, 16 Sony products, and 125 Toshiba products. Panasonic is a current plaintiff, and Sony and Toshiba are JDI's predecessors. During the meet and confer on June 17 and in their response, Plaintiffs indicated they intend to produce some technical documentation on just a small subset of the prior art products Defendant identified, specifically only nine of the 10 JDI products but not any of other prior JDI products nor any products by Sony or Toshiba. Plaintiffs refused to search for any similar product they sold prior to the asserted patents, nor for any prior sales product by their predecessor entities including the display subsidiaries of Sony and Toshiba.

In addition, Plaintiffs' current products have a significant bearing on the value attributable to the technologies claimed in the asserted patents and therefore the damages calculation. Defendant is entitled to know which of Plaintiffs' own products they believe practice the patents and which they believe do not practice the patents, and the differential in values attributable to claimed inventions. Plaintiffs complain of the burden and point-blank refused to produce any such relevant discovery. Plaintiffs would not even consider performing the basic threshold analysis that they did to identify Defendant's accused products (e.g., all LTPS or a-Si products), which threshold analysis Plaintiffs apparently believed sufficient to determine if a product likely practices an asserted claim.

## II. Plaintiffs' Statement

By its own admission, Tianma seeks broad discovery of "all products Plaintiffs sell—past, present, and future," Dkt. No. 64-2 at 2, in order to "develop its defenses and/or **counterclaims**," Mot. at 3, 4 (emphasis added). In the first instance, it is inappropriate for Tianma to abuse the discovery process to support the development of as-yet unpled counterclaims. *See, e.g., Lifeguard Licensing Corp. v. Kozak*, No. 15CIV8459LGSJCF, 2016 WL 3144049, at *3 (S.D.N.Y. May 23, 2016) ("[T]he plain language of the Rule does not provide for discovery of 'likely,' 'ant[i]cipated,' or 'potential' claims or defenses."). On this basis alone, Tianma's Motion should be denied.

Further, Plaintiffs have already agreed to provide discovery regarding Plaintiffs' "prior art" products that Tianma specifically requested. *See* Dkt. Nos. 64-2 at 2; 72 at 2-3. Tianma's additional request—for discovery regarding every product Plaintiffs sold prior to the application date of the Asserted Patents—is overbroad and unsupported. Tianma has offered no authority to support that Plaintiffs should undertake an exhaustive analysis of their own products.

Similarly, Tianma seeks unlimited discovery of technical, marketing, and financial documents regarding Plaintiffs' current products, but has produced no authority supporting this demand, particularly when Plaintiffs are not bringing a lost profits theory and are not relying on their own embodiments. To the extent that there is any merit to Tianma's argument that such discovery is necessary for reasonable royalty calculations, "[t]he burden of proving damages falls on the patentee." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). To the extent Plaintiffs identify additional information on which they intend to rely to support a reasonable royalty calculation, they will produce it in due course. Tianma is not entitled to more at this stage of discovery.

| | |
|---|---|
| Dated: June 18, 2021 | Respectfully submitted, |
| /s/ Erik Shallman | /s/ Aidan C. Skoyles |
| Eric J. Klein | James R. Barney (pro hac vice) |
| Lead Attorney | james.barney@finnegan.com |
| Texas State Bar No. 24041258 | Qingyu Yin (pro hac vice) |
| Jeffrey R. Swigart | qingyu.yin@finnegan.com |
| Texas Bar No. 24102553 | Aidan C. Skoyles (pro hac vice) |
| VINSON & ELKINS L.L.P. | aidan.skoyles@finnegan.com |
| 2001 Ross Avenue, Suite 3900 | FINNEGAN LLP |
| Dallas, TX  75201 | 901 New York Avenue N.W. |
| Telephone:  (210) 220-7700 | Washington, DC 20001 |
| Facsimile:   (210) 220-7716 | Telephone: 202-408-4000 |
| Email:  eklein@velaw.com | Facsimile: 202-408-4400 |
| Email:  jswigart@velaw.com | |
| | Eric H. Findlay |
| Hilary L. Preston | State Bar No. 00789886 |
| Texas State Bar No. 24062946 | Brian Craft |
| Jeffrey T. Han | State Bar No. 04972020 |
| Texas State Bar No. 24069870 | FINDLAY CRAFT, P.C. |
| Erik Shallman | 102 N. College Ave., Ste. 900 |
| Texas State Bar No. 24113474 | Tyler, TX 75702 |
| Matthew J. Melancon | (903) 534-1100 Telephone |
| Texas State Bar No. 24109544 | (903) 534-1137 Facsimile |
| VINSON & ELKINS L.L.P. | efindlay@findlaycraft.com |
| 2801 Via Fortuna, Suite 100 | bcraft@findlaycraft.com |
| Austin, TX  78746 | |
| Telephone:  (512) 542-8400 | *Attorneys for Defendant* |
| Facsimile:   (512) 542-8612 | *Tianma Microelectronics, Co. Ltd.* |
| Email:  hpreston@velaw.com | |
| Email:  jhan@velaw.com | |
| Email:  eshallman@velaw.com | |
| Email:  mmelancon@velaw.com | |
| | |
| Abigail Lubow | |
| California State Bar No. 314396 | |
| VINSON & ELKINS L.L.P. | |
| 555 Mission Street, Suite 2000 | |
| San Francisco, CA  94105 | |
| Telephone:  (415) 979-6963 | |
| Facsimile:   (415) 358-5770 | |
| Email:  alubow@velaw.com | |
| | |
| *COUNSEL FOR PLAINTIFFS JAPAN DISPLAY INC. and PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD.* | |

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on June 18, 2021, a true and correct copy of the above document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A).

                                                  */s/ Catherine Sadler*
                                                  CATHERINE SADLER