IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JAPAN DISPLAY INC., PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD., | § § § § § § § § § § § § § | C.A. NO. 2:20-cv-00283-JRG [LEAD CASE] C.A. NO. 2:20-cv-00284-JRG C.A. NO. 2:20-cv-00285-JRG [MEMBER CASES] JURY TRIAL DEMANDED |
| Plaintiffs, | | |
| v. | | |
| TIANMA MICROELECTRONICS CO. LTD., | | |
| Defendant. | | |

**JOINT REPORT REGARDING MEET AND CONFER
CONDUCTED IN ANTICIPATION OF HEARING ON PLAINTIFFS'
MOTION TO COMPEL INVALIDITY CONTENTIONS AND ACCOMPANYING
TECHNICAL AND SALES INFORMATION, AND TO STRIKE
<u>DEFENDANT'S DEFICIENT ELIGIBILITY CONTENTIONS</u>**

Pursuant to Paragraph 9(c) of the Court's February 8, 2021 Discovery Order (Dkt. No. 33), plaintiffs Japan Display Inc. and Panasonic Liquid Crystal Display Co., Ltd. (collectively, "Plaintiffs") and defendant Tianma Microelectronics Co. Ltd. ("Tianma Microelectronics") (hereinafter the "Parties") met and conferred on April 30, 2021 in an effort to resolve the discovery disputes set forth in Plaintiffs' April 1, 2021 Motion to Compel Invalidity Contentions and Accompanying Technical and Sales Information, and to Strike Defendant's Deficient Eligibility Contentions (the "Motion"). On May 4, 2021, the Parties filed their Joint Report Regarding their Meet and Confer ("Joint Report," Dkt. No. 60). The Parties have since communicated via telephone and email but have been unable to reach a resolution. The Parties therefore provide the following statements to clarify the remaining issues ahead of the hearing set for June 21, 2021.

I. **PLAINTIFFS' STATEMENT**

There remain four open issues for the Court to decide.

First, Tianma must produce sales data for relevant products sold since 2008. Tianma has only produced a subset of sales data spanning 2008 through 2020. This data is incomplete because it does not include all products reasonably similar to the Accused Products. Tianma's must provide "'complete discovery . . . for products reasonably similar to the accused products." *See, e.g., LG Elecs., Inc. v. Hitachi, Ltd.*, No. 5:07-CV-90, 2009 WL 10677426, at *3 (E.D. Tex. Mar. 2, 2009). Tianma's production was further incomplete because Tianma failed to produce data from wholly owned subsidiaries from which Tianma "is able to command release of certain documents by the non-party . . . entity in actual possession." *Diamond Consortium, Inc. v. Manookian*, No. 4:16CV94-ALM, 2017 WL 3301527, at *9 (E.D. Tex. Aug. 3, 2017).

Second, Tianma must produce technical documents sufficient for an infringement analysis regarding all Accused Products, including reasonably similar products. Tianma has only produced technical documents for a subset of the Accused Products: products Plaintiffs specifically charted in their Infringement Contentions as well as products that Tianma's limited sales data shows had a shipping address or invoice address in the U.S. Dkt. No. 59 at 1. This production is incomplete because (1) the starting point, Tianma's artificially limited sales data, is incomplete; and (2) it inappropriately narrows the scope of Accused Products to those billed or shipped to the United States. Sales outside the U.S. are relevant at least to Plaintiffs' indirect infringement theories.

Third, Tianma's deficient identification and charting of prior art products in its Invalidity Contentions under P.R. 3-3(a) and 3-3(c) remains a live issue for the Court to resolve.

Fourth, Tianma's deficient Subject Matter Eligibility Contentions do not comply with this Court's standing order regarding subject matter eligibility, and thus remains a live issue for the Court to resolve.

## II.  DEFENDANT'S STATEMENT

Defendant has produced 584,272 rows of sales data representing 1.2 billion+ units and billions of dollars of LCD products sold from 2010 to 2020.  What Defendant has collected and produced is much more than "the exact models already identified" as Plaintiffs allege.  To be precise, Defendant's production covers 5,164 unique products, more than double the number of products identified in Plaintiffs' PICs.  These products include the 2,400+ products identified in Plaintiffs' PICs, plus all the products that share the same roots as the 2,400+ products, because the products sharing the same root likely have the same technical designs and characteristics.

Plaintiffs want more still and expect Defendant to undertake a preliminary infringement analysis on all of its many LCD products to determine whether they might infringe any of 135 asserted claims. Recognizing the impracticality of such an undertaking, JDI has since proposed that Defendant identify products that share identifier components with accused products. Defendant is evaluating this approach, but with many products at issue, this is a time-consuming process.

Defendant produced technical GDS files for the products where records show U.S. shipment or invoice addresses. JDI's generic allegation of "indirect infringement theories" cannot justify the vast production that JDI seeks, i.e., production of the most sensitive technical files for products with no apparent connection to this country whatsoever.

JDI's request for data of subsidiaries is also baseless. *Diamond Consortium* does not support carte blanche discovery from subsidiaries but instead requires an analysis of factors, none of which JDI has done. Both Tianma America and Tianma Japan are separate and independent entities.  And Tianma Japan is also the subject of Defendant's recent Motion for Protective Order.

Separately, JDI's request for data to 200<u>8</u> is entirely unreasonable. JDI has no basis to request sales data prior to August 31, 2014, six years prior to the filing date of the complaint.

3

Dated: June 18, 2021                              Respectfully submitted,

| | |
|---|---|
| */s/ Aidan C. Skoyles (with permission)*<br>James R. Barney (pro hac vice)<br>james.barney@finnegan.com<br>Qingyu Yin (pro hac vice)<br>qingyu.yin@finnegan.com<br>Aidan C. Skoyles (pro hac vice)<br>Aidan.skoyles@finnegan.com<br>FINNEGAN LLP<br>901 New York Avenue N.W.<br>Washington, DC  20001<br>Telephone:  (202) 408-4000<br>Facsimile:  (202) 408-4400<br><br>Eric H. Findlay<br>State Bar No. 00789886<br>Brian Craft<br>State Bar No. 04972020<br>FINDLAY CRAFT, P.C.<br>102 N. College Ave., Suite 900<br>Tyler, TX  75702<br>Telephone:  (903) 534-1100<br>Facsimile:  (903) 534-1137<br>efindlay@findlaycraft.com<br>bcraft@findlaycraft.com<br><br>**ATTORNEYS FOR DEFENDANT TIANMA MICROELECTRONICS CO. LTD.** | */s/ Eric J. Klein*<br>Eric J. Klein<br>*Lead Attorney*<br>Texas State Bar No. 24041258<br>Jeffrey R. Swigart<br>Texas Bar No. 24102553<br>VINSON & ELKINS L.L.P.<br>2001 Ross Avenue, Suite 3900<br>Dallas, TX  75201<br>Telephone:  (210) 220-7700<br>Facsimile:  (210) 220-7716<br>Email:  eklein@velaw.com<br>Email:  jswigart@velaw.com<br><br>Hilary L. Preston<br>Texas State Bar No. 24062946<br>Jeffrey T. Han<br>Texas State Bar No. 24069870<br>Erik Shallman<br>Texas State Bar No. 24113474<br>Matthew J. Melancon<br>Texas State Bar No. 24109544<br>VINSON & ELKINS L.L.P.<br>2801 Via Fortuna, Suite 100<br>Austin, TX  78746<br>Telephone:  (512) 542-8400<br>Facsimile:  (512) 542-8612<br>Email:  hpreston@velaw.com<br>Email:  jhan@velaw.com<br>Email:  eshallman@velaw.com<br>Email:  mmelancon@velaw.com<br><br>Abigail Lubow<br>California State Bar No. 314396<br>VINSON & ELKINS L.L.P.<br>555 Mission Street, Suite 2000<br>San Francisco, CA  94105<br>Telephone:  (415) 979-6963<br>Facsimile:  (415) 358-5770<br>Email:  alubow@velaw.com |

4

US 7978352

| | |
|---|---|
| | **COUNSEL FOR PLAINTIFFS JAPAN DISPLAY INC. and PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD.** |

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2021, a true and correct copy of the foregoing document was electronically filed in compliance with Local Rule CV-5(a) and was served on all counsel who are deemed to have consented to electronic service, per Local Rule CV-5(a)(3).

*/s/ Erik Shallman*
Erik Shallman

5

US 7978352