**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **JAPAN DISPLAY INC., PANASONIC** | § | |
| **LIQUID CRYSTAL DISPLAY CO., LTD.,** | § | **C.A. NO. 2:20-cv-00283-JRG** |
| | § | **[LEAD CASE]** |
| **Plaintiffs,** | § | |
| | § | **C.A. NO. 2:20-cv-00284-JRG** |
| **v.** | § | **C.A. NO. 2:20-cv-00285-JRG** |
| | § | **[MEMBER CASES]** |
| **TIANMA MICROELECTRONICS CO.** | § | |
| **LTD.,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |
| | § | |

**JOINT STATUS REPORT REGARDING PLAINTIFFS' AND DEFENDANT'S**
**RESPECTIVE MOTIONS TO COMPEL**

Pursuant to the Court's Order issued during the hearing held on June 21, 2021 (*see* Dkt. No. 76), plaintiffs Japan Display Inc. ("JDI") and Panasonic Liquid Crystal Display Co., Ltd. ("PLD") (collectively, "Plaintiffs") and defendant Tianma Microelectronics Co. Ltd. ("Tianma Microelectronics" or "TMC") (hereinafter the "Parties") file this Joint Status Report related to Plaintiffs' Motion to Compel Invalidity Contentions and Accompanying Technical and Sales Information, and to Strike Defendant's Deficient Eligibility Contentions (Dkt. No. 49) and Defendant's Motion to Compel Plaintiffs to Produce Relevant Information in Plaintiffs' Sole Possession (Dkt. No. 64).

For Plaintiffs' Motion to Compel, the Parties agreed that:

1. Tianma Microelectronics would produce sales data for all LTPS and Amorphous Silicon Products based on the unique product code combinations for the "Product Process Code" and "Product Technology Code" digits that have been disclosed in Plaintiffs' list of Accused Products since August 31, 2014, i.e., the list of Accused Products in Plaintiffs' January 6, 2021 Preliminary Infringement Contentions less those products dropped by Plaintiffs' letter of June 11, 2021;

1

2.  To the extent certain "custom" products that may not follow the same naming convention understood by the Parties exist, the Parties would work in good faith to identify reasonably similar "custom" products based on similar criteria to those identified above;

3.  Tianma Microelectronics would produce documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality ("Core Technical Documents") in its possession for all the products for which it has or will produce sales data for 1 and 2 (above), where the sales data shows a ship-to or invoice-to U.S. address (e.g., either in the Receiving Address or Acquiring Address columns); and

4.  Tianma Microelectronics would produce Core Technical Documents in its possession for products where Plaintiffs identify through sworn testimony or documents showing these specific products were eventually sold in the U.S. since August 31, 2014.

The Parties were at an impasse regarding whether Tianma Microelectronics' wholly-owned subsidiaries, Tianma America, Inc. ("TMA") and Tianma Japan, Ltd. ("TMJ"), should be required to produce sales data and technical documents in their possession.  The Court ordered TMA to produce the outstanding discovery items.  For TMJ, the Court directed that discovery related to the relationship between Tianma Microelectronics and TMJ go forward and ordered a deposition of a corporate representative of TMJ, but also provided that written discovery could be used to the extent the parties agree thereto.

For Defendant's Motion to Compel, the Parties were at an impasse regarding Defendant's request for Plaintiffs to produce technical and sales information for prior art products, and technical and sales information relating to a reasonable royalty analysis that would require Plaintiffs to analyze all of their own past and present products to identify those products that incorporate features claimed in the Asserted Patents and those that do not.  The Court ordered Plaintiffs to produce documents related to the ten JDI products and one Panasonic product identified in Defendant's invalidity contentions but left Defendant's Motion open otherwise.

2

US 8123116

## I.   STATUS OF AGREED-UPON PRODUCTION OF SALES DATA AND CORE TECHNICAL DOCUMENTS BY TIANMA MICROELECTRONICS

On June 28, 2021, Tianma Microelectronics produced updated sales information for its products meeting the product code combination agreed upon by the Parties.   *See* TIANMAMICRO0007607-08.

Plaintiffs' Position:

Plaintiffs are in the process of reviewing the sufficiency of this updated sales information. However, recent deposition testimony from Tianma Microelectronics has revealed that the sales data contains "some discrepancy" such that it does not "reflect the final locations where [Tianma Microelectronics] handed the products" and that Tianma Microelectronics' ERP [Enterprise Resource Planning] sales database does not contain "detailed or specific information" regarding where Tianma Microelectronics ships any of its products.  Apparently the shipping information that is presented in the sales data reflects some "different understanding," but Tianma Microelectronics has not been forthcoming as to what this "different understanding" is.  Plaintiffs' agreement to resolve its motion to compel relied on the accuracy of Tianma Microelectronics' representations in its sales data and, to the extent this sales data is faulty, Plaintiffs reserve the right to re-urge its motion or otherwise seek the Court's assistance.  In particular, this deposition testimony also revealed that Tianma Microelectronics possesses sales information related to Tianma Microelectronics' U.S.-based customers, including purchase orders, supply agreements, and customer's technical parameters and specifications, that are responsive to Plaintiffs' requests for production and could provide clarity to its sales data spreadsheets.  Plaintiffs identified these specific deficiencies in a letter to Defendant on July 2, 2021, and have yet to receive a response. Tianma Microelectronics' counsel's representation (below) that its sales data is actually over-inclusive does not comport with Tianma Microelectronics' deposition testimony.  Nor has Tianma

3

US 8123116

Microelectronics produced any documents that would support this contention. Tianma Microelectronics' promise to produce "purchase orders received from Tianma America," but that sales information alone is deficient because Tianma Microelectronics has agreements with other customers who may be sending products into the U.S., but not through TMA.

Tianma Microelectronics' technical document production remains deficient. The updated sales information shows that at least 397 products were "received by" or "acquired by" an entity with a U.S. address since August 31, 2014. Tianma Microelectronics has not produced GDS files (i.e., physical layout schematics) for more than one quarter (119) of these products. Tianma Microelectronics has also failed to produce any additional technical documents for these 397 products beyond the GDS files themselves. Tianma Microelectronics argues that it is waiting for a "list of specific technical issues" from Plaintiffs, but during the meet and confer, Plaintiffs specifically objected to Tianma Microelectronics only producing GDS files and the Parties ultimately agreed that Tianma Microelectronics would produce "documents sufficient to show the operation of any aspect or elements of an Accused Instrumentality" as defined by P.R. 3-4(a) (e.g., source code, specifications, schematics, flow charts, artwork, formulas, etc.). During the hearing, Tianma Microelectronics agreed with Plaintiffs summary of the Parties agreements, and specifically that Tianma Microelectronics will "provide technical documents and GDS files."

Defendant's Position:

Pursuant to the parties' agreement prior to the hearing, TMC has produced, on June 28, 2021, sales records for 4,476 additional products since August 31, 2014. The sales records indicate 381 additional products having either a U.S. shipping or invoice address record or both. Pursuant to the parties' agreement, on July 2, 2021, TMC produced 104 additional GDS files corresponding to these products. This represents all GDS files which can be located following a reasonable search.

4

US 8123116

In a deposition on June 30, 2021, TMC's corporate witness testified that the shipping addresses field in the sales records TMC produced do not necessarily describe the address where the corresponding sale was actually delivered. This is not a "discrepancy" or an "inaccuracy." TMC produced an Excel output of the data from its company-wide ERP (Enterprise Resource Planning) system, as it is stored in the ordinary course of business. Defendant TMC does not handle product shipping. Other entities, such as TMC's Chinese subsidiaries, ship TMC products and provide sales data, which may or may not include the actual shipping addresses, to TMC. TMC recognizes Plaintiffs' concern regarding the shipping addresses produced from TMC's database. TMC is investigating whether the subsidiaries maintain a record of the actual shipping address of each sale but currently understands that 1) any sale that was actually delivered by TMC or its Chinese subsidiaries to a U.S. address would have a U.S. shipping address in the ERP system; 2) any sale that has a non-U.S. shipping address in the ERP records was indeed not delivered to the U.S.; and 3) a sale that has a U.S. shipping address in the ERP records may or may not have been delivered by TMC or any of the Chinese subsidiaries to a U.S. address. Thus, TMC's reliance on the sales data has resulted in overinclusive identification of U.S. sales and production of technical documents. That is, TMC *over identified* sales as U.S.-bound and *over produced* technical documents. Regarding the other issues Plaintiffs identify in their letter (purchase orders, supply agreements, and customer's [sic] technical parameters and specifications), even though these items are not properly part of the motion to compel, and their relevancy to this case questionable, TMC is working to identify and produce purchase orders received from Tianma America.

Regarding Plaintiffs' request for "Core Technical Documents," Plaintiffs had indicated during the June 21 meet and confer that they would be providing TMC with a list of specific technical issues for which they requested additional technical information. Plaintiffs have not yet

provided such a list, but TMC remains willing to provide a reasonable volume of technical documentation beyond the GDS files it has already produced to comply with its discovery obligations and agreements at the June 21 hearing.

TMC is also in the process of identifying any products it made for TMJ and will collect and produce relevant documents in its possession for any of those products that were sold to the U.S.

## II.  STATUS OF ORDERED PRODUCTION OF OUTSTANDING DISCOVERY REQUESTS BY TIANMA AMERICA, INC.

Plaintiffs' Position:

On Friday, July 9, 2021, TMA made a production in response to the Court's Order.  *See* TMAEDTX000904-6021.  Plaintiffs are in the process of reviewing this production.

Defendant's Position:

Tianma America has been working diligently to collect and produce both sales data and technical data. On July 9, 2021, it produced 220 technical specifications, and 21,659 rows of sales data from its sales records databases. Tianma America is working to continue to locate additional data for production.

## III. STATUS OF ORDERED DEPOSITION OF TIANMA JAPAN LTD.'S CORPORATE REPRESENTATIVE

Tianma Microelectronics has not made a corporate representative available to Plaintiffs for deposition.

Plaintiffs' Position:

Mindful of the Court's instruction that this deposition should "happen sooner rather than later," Plaintiffs have diligently requested dates for a deposition of TMJ's corporate representative since June 23, but have received none.  Tianma Microelectronics' last communication on this issue dated June 29 stated that "[i]t is simply not reasonable to conduct a deposition at this time."  It is

US 8123116

true that Plaintiffs inquired into whether Tianma Microelectronics would agree to take all depositions of all witnesses (including JDI's witnesses) located in Japan by written questions, but Tianma Microelectronics never responded to this preliminary inquiry.  Consistent with the Court's order, Plaintiffs are making their deponents available for deposition and believe TMJ should do the same.  Plaintiffs have provided proposed dates for Tianma Microelectronics to depose two Japanese inventors and JDI's corporate representative in Dallas on August 2, 3, and 5, respectively.

JDI disagrees with Tianma's statement that "Plaintiffs [] refused to produce any of their own witnesses from Japan for depositions for the same reason" "for 4 months."  Just over one month ago, on June 2, Tianma Microelectronics served deposition notices for two inventors seeking claim construction discovery and set the deposition for June 14 (two days before the close of claim construction discovery).  Plaintiffs were unable to make the inventors available on such short notice before the deadline to complete claim construction discovery.  Since that time, Tianma has renewed its request for inventor depositions for its invalidity case.  Tianma Microelectronics served a 30(b)(6) notice on June 14.  Plaintiffs have proposed dates for all three depositions and are waiting on Tianma to confirm.

Defendant's Position:

Pursuant to the Court's order, the parties have been discussing a deposition of a TMJ witness. But because of the Covid restrictions and particularly the recently declared state of emergency in Japan[1], a deposition is near impossible. For 4 months, Plaintiffs had refused to

---

[1] With the Olympics approaching, Japan has recently reinstated a state of emergency in Tokyo in view of the spreading Delta variant. The Japanese Ministry of Foreign Affairs currently imposes a two-week quarantine on all international travelers including returning Japanese citizens, and requires a negative Covid test, so any travel outside of the country is likely to result in nearly three weeks away from work and family. *See* https://www.mofa.go.jp/ca/fna/page4e_001053.html (Section 3 "Quarantine Measures (New)").

7

produce any of their own witnesses from Japan for depositions for the same reason. Indeed, on July 2, 2021, Plaintiffs proposed to conduct depositions of both sides' Japanese witnesses by written discovery in lieu of an oral deposition. Defendant's counsel had been consulting with Defendant and was about to accept that proposal. But, a few days later, on July 8, Plaintiffs rescinded their proposal and informed Defendant that they intended to move ahead with live depositions. In their latest communication, Plaintiffs provided tentative deposition dates in August—"[b]arring any unforeseen international travel or health issues"— for their witnesses from Japan. Defendant is not aware of any change of restrictions that permit the Japanese witnesses to travel and attend depositions in the near term. But on Plaintiffs' apparent belief— a belief that may very well be mistaken—that the circumstances would change and permit such travels in August, Defendant will try to secure a date for deposition in the same time frame for a TMJ witness, if not sooner.

## IV. STATUS OF PLAINTIFFS' PRODUCTION REGARDING DEFENDANT'S MOTION TO COMPEL

On June 25, 2021, Plaintiffs produced technical files related to nine of the ten JDI products identified by product number in Tianma Microelectronics' Invalidity Contentions.  *See* JDI0006811-10563.  On June 30, 2021, Plaintiffs produced GDS files and accompanying layer maps for all ten JDI products.  *See* JDI-SC00001-28.  Plaintiffs have not produced technical documents related to the one Panasonic product.

Plaintiffs' Position:

Plaintiffs have complied with the Court's Order by providing technical files related to Plaintiffs products identified by product number in Tianma Microelectronics' Invalidity Contentions.  Specifically, JDI has produced GDS files and other technical documentation for each identified product, except for TX54D11VC0CAB.   Tianma Microelectronics produced a

screenshot from a third-party website indicating that this product was sold in 2004 by JDI, but JDI was not formed until 2011. Accordingly, TX54D11VC0CAB is not a JDI product. Similarly, PLD was unable to locate any information about the one identified product for it. Tianma Microelectronics produced a screenshot from the same third-party website indicating that TR-LM7WR3PS was sold in the second quarter of 2004 by Panasonic, but PLD did not exist at that time. The screenshot also indicates that TR-LM7WR3PS is a TN-type LCD panel, which PLD does not manufacture. Accordingly, TR-LM7WR3PS is not a PLD product.

Plaintiffs also performed a reasonable search for technical documents related to products identified by Tianma Microelectronics in its Invalidity Contentions that were purportedly manufactured by Sony or Toshiba. Plaintiffs have produced the GDS files and related technical files for those products that were located. *See* JDI-SC000029-53; JDI0010595-40794. That is, Plaintiffs have produced every technical document that was located after a reasonable search related to the specific products identified in Defendant's Invalidity Contentions.

Tianma Microelectronics' position (below) vastly expands the Court's Order and ignores the Court's instruction that Tianma Microelectronics should first review the documents regarding the nine JDI products. Plaintiffs have already taken the next step by providing all documents in its possession related to the Sony and Toshiba products identified by Tianma Microelectronics. Tianma Microelectronics, however, argues as if the Court granted its motion to compel in its entirety. Plaintiffs maintain their position that they should not be required to analyze every single one of their past, present, and future products to determine, in the first instance, "those products that implement claimed features vs. those that do not." Plaintiffs believe this request is overly broad and unduly burdensome given that Plaintiff is not relying on any of their products for the case.

9

US 8123116

<u>Defendant's Position</u>:

Plaintiffs appear to believe that the Court's order of the production of the GDS files for the 10 JDI products was all that it was required to do. That is not true. TMC's motion to compel asked for discovery on all prior sales as well as discovery on current products that is highly relevant to a reasonable royalty analysis, for example, information on those products that implement claimed features vs. those that do not.

Plaintiffs remain woefully deficient in their production responsive to TMC's motion to compel. To begin with, Plaintiffs have refused to produce a single document on any of their current products. During the meet and confer prior to the June 21 hearing TMC discussed a potential compromise which was memorialized by email on June 23. TMC proposed that the parties agree on the patented features of the 15 asserted patents, and then Plaintiffs produce documents for both products with and products without these features. Such documents would allow Defendants to determine the appropriate value Plaintiffs afforded to the patented features. Plaintiffs ignored this proposal and did not even propose an alternative.

Regarding prior art products, Plaintiffs' production is also deficient. Plaintiffs have not produced any sales data, which is relevant to the determination of any products that were sold before the asserted patents. Such information is not public and can only be obtained from Plaintiffs. Of the products TMC was able to gather from public sources and identify in its invalidity contentions, Plaintiffs have produced only ten GDS files for JDI products and seven GDS files for Sony prior art products. Panasonic has produced not a single additional document of any kind. TMC's initial review (still ongoing) suggests that Plaintiffs are very likely in possession of additional prior art material. Aside from the 17 GDS files and some non-GDS files apparently for those products, Plaintiffs produced discovery for not a single one of the 125 Toshiba products

10

US 8123116

(note: Toshiba Display became part of JDI in 2012) TMC identified, nor any discovery on prior

art products that are similar to those identified in TMC's invalidity contentions. On Friday July 9,

2021, Plaintiffs produced several thousand pages of documents, which Plaintiffs represented are

related only to the identified Toshiba and Sony prior art products. TMC's motion to compel

remains ripe for resolution by the Court.


Dated: July 12, 2021                                Respectfully submitted,


*/s/ Aidan C. Skoyles (with permission)*            */s/ Eric J. Klein*
James R. Barney (pro hac vice)                      Eric J. Klein
james.barney@finnegan.com                           *Lead Attorney*
Qingyu Yin (pro hac vice)                           Texas State Bar No. 24041258
qingyu.yin@finnegan.com                             Jeffrey R. Swigart
Aidan C. Skoyles (pro hac vice)                     Texas Bar No. 24102553
Aidan.skoyles@finnegan.com                          VINSON & ELKINS L.L.P.
FINNEGAN LLP                                        2001 Ross Avenue, Suite 3900
901 New York Avenue N.W.                            Dallas, TX  75201
Washington, DC  20001                               Telephone:  (210) 220-7700
Telephone:  (202) 408-4000                          Facsimile:  (210) 220-7716
Facsimile:  (202) 408-4400                          Email:  eklein@velaw.com
                                                    Email:  jswigart@velaw.com
Eric H. Findlay
State Bar No. 00789886                              Hilary L. Preston
Brian Craft                                         Texas State Bar No. 24062946
State Bar No. 04972020                              Jeffrey T. Han
FINDLAY CRAFT, P.C.                                 Texas State Bar No. 24069870
102 N. College Ave., Suite 900                      Erik Shallman
Tyler, TX  75702                                    Texas State Bar No. 24113474
Telephone: (903) 534-1100                           Matthew J. Melancon
Facsimile:  (903) 534-1137                          Texas State Bar No. 24109544
efindlay@findlaycraft.com                           VINSON & ELKINS L.L.P.
bcraft@findlaycraft.com                             2801 Via Fortuna, Suite 100
                                                    Austin, TX  78746
**ATTORNEYS FOR DEFENDANT**                         Telephone:  (512) 542-8400
**TIANMA  MICROELECTRONICS  CO.**                   Facsimile:  (512) 542-8612
**LTD.**                                            Email:  hpreston@velaw.com
                                                    Email:  jhan@velaw.com
                                                    Email:  eshallman@velaw.com
                                                    Email:  mmelancon@velaw.com

US 8123116

Abigail Lubow
California State Bar No. 314396
VINSON & ELKINS L.L.P.
555 Mission Street, Suite 2000
San Francisco, CA  94105
Telephone:  (415) 979-6963
Facsimile:  (415) 358-5770
Email:  alubow@velaw.com

**COUNSEL FOR PLAINTIFFS JAPAN DISPLAY INC. and PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2021, a true and correct copy of the foregoing document was electronically filed in compliance with Local Rule CV-5(a) and was served on all counsel who are deemed to have consented to electronic service, per Local Rule CV-5(a)(3).

*/s/ Eric J. Klein*
Eric J. Klein

US 8123116