# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JAPAN DISPLAY INC. and PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> TIANMA MICROELECTRONICS CO. LTD., <br><br> Defendant. | CIVIL ACTION NO. 2:20-cv-00283-JRG (Lead Case) <br> CIVIL ACTION NO. 2:20-cv-00284-JRG <br> CIVIL ACTION NO. 2:20-cv-00285-JRG (Consolidated) <br> JURY TRIAL DEMANDED |

**RESPONSE TO MOTION TO AMEND THE DOCKET CONTROL ORDER**

Defendant Tianma Microelectronics Co. Ltd. respectfully opposes Plaintiffs' Motion to Amend the Docket Control Order. (Dkt. No. 129.) Defendant stands ready to complete fact and expert discovery pursuant to the Docket Control Order and does not believe extensions are necessary. Plaintiffs' argument that the extension they seek "will allow Plaintiffs to complete the scheduled depositions and receive any additional discovery, with a short window to thereafter incorporate Defendant's tardy fact discovery into opening expert reports" (Mot. at 3) is meritless.

All the allegedly late depositions Plaintiffs complain about are late because of Plaintiffs' own delay. For example, even though Plaintiffs were fully aware of the logistical difficulties in organizing depositions of individuals in China, they did not notice Defendant's second corporate deposition until August 6, 2021, barely a month before the close of fact discovery. Nevertheless, Defendant did its best to accommodate that deposition, which has already taken place on September 9, 2021. And the "half-dozen fact depositions the week of September 7, 2021" (Mot. at 2) are all of inventors and JDI's own employees, which Defendant had noticed in June and July (Ex. A). Indeed, two of those depositions had already been scheduled for early August (Ex. B), but Plaintiffs unilaterally canceled the agreed dates just one week before the scheduled depositions and moved them to the week of September 7. *Id.* Plaintiffs cannot rely on their own delay in scheduling these depositions as an excuse for an extension. As for the other nine individuals identified in Plaintiffs' motion (Mot. at 2), Plaintiffs did not notice their depositions until September 3, 2021, only ten days before the close of fact discovery, despite the fact that eight of these individuals were on Defendant's *initial disclosures* served on February 10, 2021, and Plaintiffs learned about the ninth individual as early as February 6, 2021.

Although unstated, Plaintiffs request for an extension may also relate to their attempt to conduct third-party discovery. But Plaintiffs had ample time and opportunity to seek such

discovery under the current schedule. For example, even though their complaints identified Motorola products as purportedly including Accused Products, they did not subpoena Lenovo/Motorola Mobility[1] until August 13, 2021, almost a year later.

There is no "tardy" discovery on Defendant's part. Defendant has fully complied with the Court's production orders and does not anticipate any issues with completing fact discovery on time. Tianma America, Inc. ("TMA") has produced all relevant sales and technical discovery including for Tianma Japan, Ltd. ("TMJ") products. Plaintiffs argue TMA has produced "only high-level data sheets," but as a sales entity, TMA only maintains this type of technical information, as TMA's CEO Mr. Eric Cheng previously confirmed in his deposition. Defendant produced all relevant sales data months ago, including sales records of the products it manufactures for TMJ. The sales data indicate that TMC has not shipped or invoiced, to the US, any products it made for TMJ. Therefore, according to the parties' agreement, Defendant has no additional technical discovery to produce. As to any additional technical documentation for Defendant's own products sold or invoiced to the US, the parties agreed on June 21, 2021, that Plaintiffs would provide a list of exemplary categories of documents they seek. Despite Defendant's repeated requests, Plaintiffs have failed to do so. Further, the deposition of the TMJ witness, Mr. Hideki Asada, has been arranged for September 13, 2021,[2] within the deadline set by the Court. Mr. Asada's deposition was delayed due to the scarcity of COVID-19 vaccinations

---

[1] Although two subpoenas were issued, one each to Lenovo (United States) Inc. and Motorola Mobility LLC, these entities are related and share the same corporate parent.

[2] Tianma Japan's witness has traveled at great risk and inconvenience more than 6,000 miles to Washington, DC based on Plaintiffs' stated intention to conduct his deposition in person, yet Plaintiffs changed their minds on Tuesday, September 7, and now plan to conduct his deposition remotely.

in Japan and TMJ's vaccination requirements, not due to any "delay tactic" on the part of Defendant.

Even after the parties filed the Joint Motion for Continuance, Defendant continued to work diligently according to the current schedule. In contrast, Plaintiffs apparently banked on the opposite and now find themselves scrambling. It is Plaintiffs' own delay, however, that put them in this situation.[3] They should not be rewarded for their own slack in prosecuting their claims.

Lastly, Defendant opposes Plaintiffs' motion because it attempts to set *different* deadlines for the parties. Not only is this unfair, it contradicts Plaintiffs' proposal (that any extensions apply equally) discussed by the parties over the Labor Day weekend. As Defendant explained during those discussions, Plaintiffs' proposal is unworkable because it crunches the period for preparation of dispositive motions to only seven days after the close of expert discovery. If the Court is inclined to grant the request, however, any discovery extensions should apply equally to both sides and the deadline of November 1, 2021, for dispositive motions should be extended accordingly.

Dated: September 13, 2021

Respectfully submitted,

By: /s/ *Aidan C. Skoyles*
James R. Barney (pro hac vice)
james.barney@finnegan.com
Qingyu Yin (pro hac vice)
qingyu.yin@finnegan.com
Aidan C. Skoyles (pro hac vice)
aidan.skoyles@finnegan.com
Karthik Kumar (pro hac vice)
karthik.kumar@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP

---

[3] Just this past Labor Day Monday, Plaintiffs requested printouts of over 1,000 files from Defendant's source code (GDS file) productions for their opening expert report on infringement. Defendant produced the GDS files in March through July 2. Although Plaintiffs had access to the productions for months, they did not ask for the printouts until a week before the report is due.

-4-

901 New York Avenue N.W.
Washington, DC 20001
Telephone: 202-408-4000
Facsimile: 202-408-4400

Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave., Ste. 900
Tyler, TX 75702
(903) 534-1100 Telephone
(903) 534-1137 Facsimile
efindlay@findlaycraft.com
bcraft@findlaycraft.com

***Attorneys for Defendant***
***Tianma Microelectronics Co. Ltd.***

**CERTIFICATE OF SERVICE**

      The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served this 13th day of September 2021, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                             */s/ Catherine Sadler*
                                             CATHERINE SADLER