IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JAPAN DISPLAY INC., PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD., | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § | CIVIL ACTION NO. 2:20-CV-00283-JRG |
| TIANMA MICROELECTRONICS CO. LTD., | § § § § § | |
| *Defendant*. | § | |

## ORDER

Before the Court are Defendant Tianma Microelectronics Co. Ltd.'s ("Tianma") Motion to Limit Number of Asserted Claims (Dkt. No. 149) (the "Motion to Limit") and Plaintiffs Japan Display Inc. and Panasonic Liquid Crystal Display Co., Ltd.'s (collectively, "JDI") Motion to Amend the First Amended Docket Control Order (Dkt. No. 156) (the "Motion to Amend", together with the Motion to Limit, the "Motions"). Having considered the Motions, the Court finds that they should be **GRANTED-AS-MODIFIED**.

**I.    Tianma's Motion to Limit Number of Asserted Claims (Dkt. No. 149)**

In the Motion to Limit, Tianma proposes the following schedule to narrow the asserted claims and prior art references:

1. By October 8, 2021, seven days after the opening expert reports are due and the close of fact discovery, Plaintiffs narrow their case to no more than ten claims from each patent and not more than a total of thirty-two claims;

2. By October 11, 2021, Defendant narrows to no more than twelve prior art references against each patent and not more than a total of forty references;

3. By October 29, 2021, five days after close of expert discovery, Plaintiffs narrow their case to no more than five claims from each patent and not more than a total of sixteen claims, from among the thirty-two claims previously identified;

4. By November 2, 2021, Defendant narrows to no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of twenty references.

(Dkt. No. 149 at 5). Tianma notes that JDI has asserted infringement of 135 claims from fifteen patents throughout the litigation and asserts that the scope of the case at the current stage is inconsistent with the principles represented by the Model Order Focusing Patent Claims and Prior Art to Reduce Costs. (*Id.* at 1).

In its response, JDI acknowledges the benefit of narrowing the case before trial but argues that narrowing should occur after Tianma has responded to JDI's expert report which addresses infringement of all 135 asserted claims. (Dkt. No. 155 at 2–3). JDI asserts that it cannot meaningfully narrow its asserted claims because Tianma has not produced certain technical information nor informed JDI of Tianma's non-infringement positions. (*Id.*). Accordingly, JDI offers its own proposed schedule to narrow asserted claims and prior art references:

1. By October 25, 2021, ten days after rebuttal expert reports are due, Plaintiffs limit the asserted claims to no more than eight claims from each patent and no more than a total of thirty-five claims;

2. By November 1, 2021, Defendant limits to no more than eight prior art references against each patent and no more than a total of thirty references.

The Court notes that both parties recognize the benefit of narrowing the asserted claims and prior art references and finds that narrowing will allow the case to move forward in a manageable manner. In fact, the Court is persuaded that without material narrowing now the case will not move forward in a reasonable way. Accordingly, the Motion to Limit is **GRANTED-AS-MODIFIED** and the Court **ORDERS** that by **October 25, 2021**, Plaintiffs narrow the asserted claims to no more than eight claims from each patent and no more than a total of thirty-five claims. Further, by **November 1, 2021**, Defendant narrows to no more than eight prior art references against each patent and no more than a total of thirty references. Any combination shall be considered a separate reference.

## II.   JDI's Motion to Amend the First Amended Docket Control Order (Dkt. No. 156)

In its Motion to Amend, JDI requests the Court to extend the deadline to complete expert discovery from October 25, 2021 to November 19, 2021. (Dkt. No. 156 at 3). Tianma notes that JDI's proposed extension would place the deadline to complete expert discovery after the deadline to file dispositive motions, *Daubert* motions, and motions to strike expert testimony. (Dkt. No. 164 at 2). The Court finds that JDI's requested relief is not warranted in light of the significant narrowing of the case ordered above, the previous extension of the deadline, and the conflicts with other deadlines that would arise following such an extension.

However, the Court finds that an extension of the deadline to complete expert discovery from October 25, 2021 to November 8, 2021 would allow the parties to discuss issues and make progress related to case management at the currently set hearing on JDI's Motion to Compel Production by Defendant of Information from Tianma Japan and Certain Customer Information (Dkt. No. 137) (the "Motion to Compel") set for October 26, 2021. Accordingly, the Court **ORDERS** that a status conference is **SET** for **Tuesday**, **October 26, 2021 at 2:00 p.m. (CT)** in

3

Marshall, Texas. At the status conference, the Court will take up issues relating to case management following the previously set hearing on the Motion to Compel. Further, the Court **ORDERS** that the deadline to complete expert discovery is **extended** from October 25, 2021 up to and including **November 8, 2021**.

    **So ORDERED and SIGNED this 12th day of October, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE