# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **JAPAN DISPLAY INC., PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD.,** | § § § | **C.A. NO. 2:20-cv-00283-JRG** **[LEAD CASE]** |
| **Plaintiffs,** | § § | |
| **v.** | § § § | **C.A. NO. 2:20-cv-00284-JRG** **C.A. NO. 2:20-cv-00285-JRG** **[MEMBER CASES]** |
| **TIANMA MICROELECTRONICS CO. LTD.,** | § § § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § § | |

## JOINT STATUS REPORT REGARDING PROGRESS ON NARROWING THE ASSERTED CLAIMS AND PRIOR ART

US 8415541

Pursuant to the Court's October 26, 2021 Order (*see* Dkt. No. 173 at 2), plaintiffs Japan Display Inc. and Panasonic Liquid Crystal Display Co., Ltd. (collectively, "Plaintiffs") and defendant Tianma Microelectronics Co. Ltd. ("Defendant") (hereinafter the "Parties") file this joint status report regarding the progress of their discussion regarding narrowing the asserted claims and prior art.  Since the October 26 hearing, the Parties have met and conferred several times by email, and by telephone on November 9, 2021, and November 10, 2021, to discuss a path towards narrowing the case.  The Parties agree that the case would benefit from narrowing, but disagree regarding the scope of that narrowing and whether multiple rounds of narrowing are necessary.  The Parties submit the following statements.

## I.  Plaintiffs' Statement

On October 12, 2021, the Court ordered that by October 25, 2021, Plaintiffs narrow the asserted claims across the three consolidated cases from the original 135 claims to no more than eight claims from each patent and no more than a total of thirty-five claims; and by November 1, 2021, Defendant narrows to no more than 8 prior art references against each patent and no more than a total of thirty references, noting that "[a]ny combination shall be considered a separate reference."  *See* Dkt. No. 166 at 3.

On October 25, 2021, Plaintiffs elected 35 claims from thirteen patents, in compliance with the Court's Order.  On November 1, 2021, Defendant elected 30 prior art **combinations** using 34 unique references.  Defendant's election is not in compliance with the plain language of the Order, which required narrowing to "no more than a total of thirty references."  Dkt. No. 166 at 3.  *See also Seven Networks, LLC v. Apple Inc.*, 2:19-cv-00115-JRG, Dkt. 166 at 3 (E.D. Tex. July 17, 2020) (explaining that each unique reference has an associated "cost").

Despite Defendant's non-compliance, Plaintiffs remain committed to further narrowing the consolidated cases and have proposed:

1. By November 15, 2021, Defendant narrows to no more than 30 total references (not combinations), selected from the previously elected references;

1

2. By November 22, 2021, Plaintiffs narrow to no more than 8 patents and no more than 20 claims, selected from the previously elected claims;

3. By November 29, 2021, Defendant narrows to no more than 4 references per asserted patent, and no more than 3 combinations per patent, selected from the references and combinations previously elected. by November 29, 2021.

Plaintiffs' proposal brings Defendant into compliance with the Court's Order, constitutes a significant reduction in the scope of the consolidated cases, is close to the final cut originally requested by Defendant and recommended by the Model Order (no more than 5 claims per patent and not more than a total of 16 claims), *see* Dkt. No. 149 at 5, and is not far off from what Defendant suggested during the hearing (5 patents and a total of 20 claims), *see* Dkt. No. 176 at 14:21-22.  Plaintiffs' proposal provides a reasonable path forward, even more so because several of the asserted patents share a common specification—there will thus be fewer than 8 entirely unique patents, creating additional efficiencies.

In contrast, Defendant proposes two additional stark rounds of narrowing the asserted claims, first to just 6 patents and no more than 20 claims, and second to only 3 patents and no more than 10 claims.  Not only is this two rounds of narrowing far beyond that Defendant originally requested, *see* Dkt. No. 149 at 5, and beyond what Defendant suggested during the hearing, *see* Dkt. No. 176 at 14:21-22, it unreasonably restricts Plaintiffs' ability to prosecute their case.  Given the posture of the consolidated cases, the significant reduction that Plaintiffs have already undergone, and the outstanding motions bearing on the infringement landscape, Plaintiffs need the flexibility to bring the strongest case to trial in order to address Defendant's substantial and pervasive infringement.  Plaintiffs have no intention of hiding the ball—to the extent Plaintiffs can narrow the asserted claims at a later date, Plaintiffs will do so and provide adequate notice.  But Plaintiffs should not be ordered to narrow the case to the extent Defendant proposes, particularly in light of the interrelatedness of the asserted patents and technology.

US 8415541

## II. Defendant's Statement

In the initial round of "narrowing," Plaintiffs reduced the number of total claims at issue

from 135 to 35, but did not finally eliminate *any* asserted patents.  The remaining asserted claims

came from thirteen patents, but Plaintiffs preserved the right to assert claims from the '132 and

'859 patents depending on the outcome of their objections to Magistrate Judge Payne's claim

construction ruling. Thus, at present, Plaintiffs have not formally dropped any patents.[1]

Plaintiffs are again attempting to avoid actually narrowing their case.  Plaintiffs' current

proposal of "no more than eight patents" does not result in a reasonable jury trial. Moreover,

Plaintiffs' proposal does not even comply with the Model Order, because it contains four *more*

claims than suggested by the Model Order. While Plaintiffs state that they may further narrow in

the future, time is short, because the trial is less than three months away. Plaintiffs identify no

basis for resisting further narrowing other than a desire to maintain "flexibility" in their case.

Plaintiffs' desire for flexibility should not outweigh the important public interest in a manageable

trial.

Conversely, Tianma Microelectronics Co. Ltd. ("TMC") proposes the below schedule for

narrowing the claims and prior art at issue, which should result in a manageable case for trial.

- An additional stage of narrowing, prior to the parties' service of Pretrial Disclosures on
November 24:

  - November 19 -- Plaintiffs narrow to 20 claims from 6 patents from the existing set
  of identified claims

---

[1] TMC complied with the Court's Order of October 12, 2021 to reduce prior art. As Plaintiffs'
point out, the order stated that "[a]ny combination shall be considered a separate reference." *See*
Dkt. No. 166 at 3. TMC identified only 30 references or reference-combinations across the 35
asserted claims, in compliance with the Court's order of October 12, 2021.

US 8415541

      o   November 22 -- Defendant narrows to 22 of the 30 references/combinations identified in the Nov. 1 election of prior art

- A further stage of narrowing, in anticipation of trial, prior to the filing of the Joint Pretrial Order on December 27:

      o   December 20 -- Plaintiffs further narrow to 10 claims from 3 patents from the set identified on Nov 19

      o   December 22 -- Defendant further narrows to 13 references of the 22 references/combinations elected on Nov. 22

In contrast to giving themselves flexibility, Plaintiffs' proposal is calculated to deny TMC a fair opportunity to defend against their infringement allegations. For example, for the '299 Patent, TMC currently asserts three references against claim 7 and four references against claim 16. There are five unique references across these two claims. Under Plaintiffs' proposal, if Plaintiffs elect to maintain both claim 7 and claim 16, then TMC would have to eliminate one of its five references, since Plaintiffs' proposal allows only four references per patent.  Thus, TMC would be forced essentially into forfeiting prior art invalidity arguments for one of the claims. This is unfair, unreasonable, and prejudicial to TMC on its face.

TMC urges that the Court adopt TMC's proposal which imposes necessary narrowing on both sides without unfairly prejudicing either.

US 8415541

Dated: November 10, 2021

Respectfully submitted,

| | |
|---|---|
| */s/ Aidan C. Skoyles (with permission)*<br>James R. Barney (pro hac vice)<br>james.barney@finnegan.com<br>Qingyu Yin (pro hac vice)<br>qingyu.yin@finnegan.com<br>Aidan C. Skoyles (pro hac vice)<br>Aidan.skoyles@finnegan.com<br>FINNEGAN LLP<br>901 New York Avenue N.W.<br>Washington, DC  20001<br>Telephone:  (202) 408-4000<br>Facsimile:  (202) 408-4400<br><br>Eric H. Findlay<br>State Bar No. 00789886<br>Brian Craft<br>State Bar No. 04972020<br>FINDLAY CRAFT, P.C.<br>102 N. College Ave., Suite 900<br>Tyler, TX  75702<br>Telephone:  (903) 534-1100<br>Facsimile:  (903) 534-1137<br>efindlay@findlaycraft.com<br>bcraft@findlaycraft.com<br><br>**ATTORNEYS FOR DEFENDANT TIANMA MICROELECTRONICS CO. LTD.** | */s/ Erik Shallman*<br>Eric J. Klein<br>*Lead Attorney*<br>Texas State Bar No. 24041258<br>Jeffrey R. Swigart<br>Texas Bar No. 24102553<br>VINSON & ELKINS L.L.P.<br>2001 Ross Avenue, Suite 3900<br>Dallas, TX  75201<br>Telephone:  (214) 220-7700<br>Facsimile:  (214) 220-7716<br>Email:  eklein@velaw.com<br>Email:  jswigart@velaw.com<br><br>Hilary L. Preston<br>Texas State Bar No. 24062946<br>Jeffrey T. Han<br>Texas State Bar No. 24069870<br>Erik Shallman<br>Texas State Bar No. 24113474<br>Corbin J. Cessna<br>Texas State Bar No. 24120753<br>VINSON & ELKINS L.L.P.<br>2801 Via Fortuna, Suite 100<br>Austin, TX  78746<br>Telephone:  (512) 542-8400<br>Facsimile:  (512) 542-8612<br>Email:  hpreston@velaw.com<br>Email:  jhan@velaw.com<br>Email:  eshallman@velaw.com<br>Email:  ccessna@velaw.com<br><br>Abigail Lubow<br>California State Bar No. 314396<br>VINSON & ELKINS L.L.P.<br>555 Mission Street, Suite 2000<br>San Francisco, CA  94105<br>Telephone:  (415) 979-6963<br>Facsimile:  (415) 358-5770<br>Email:  alubow@velaw.com |

US 8415541

| | **COUNSEL FOR PLAINTIFFS JAPAN DISPLAY INC. and PANASONIC LIQUID CRYSTAL DISPLAY CO., LTD.** |
|---|---|
| | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2021, a true and correct copy of the foregoing document was electronically filed in compliance with Local Rule CV-5(a) and was served on all counsel who are deemed to have consented to electronic service, per Local Rule CV-5(a)(3).

*/s/ Erik Shallman*
Erik Shallman

6

US 8415541